OPINION OF THE COURT
Richard W. Wallach, J.
In this CPLR article 78 proceeding petitioner seeks a judgment of this court vacating respondent’s determination con *1093 tained in its letter of March 24, 1980, and, further declaring upon the facts shown that petitioner be permitted to reimburse its agents’ expenses in attending a proposed educational and business conference in the Republic of Ireland in accordance with subdivision 7 of section 213 of the Insurance Law.
Petitioner is a foreign life insurance company doing business in the State of New York within the meaning of article 9-A of the Insurance Law. As such, it is subject to regulation by respondent Superintendent of Insurance. Petitioner is also licensed to do business in every State, the District of Columbia and in several Canadian provinces. Respondent superintendent denied petitioner’s application for permission to reimburse expenses of those agents who wish to participate in a proposed educational and business conference in the Republic of Ireland. That official back of the hand to the Emerald Isle promptly triggered the instant action challenging its rejection as arbitrary and capricious.
Originally enacted in 1906 as part of the comprehensive legislative code regulating the insurance industry, subdivision 7 of section 213 of the Insurance Law has since remained virtually intact. Its legislative intent was to eliminate the payment of unreasonable bonuses to agents based merely upon the amount of business generated by these agents. Recently, section 213 has come under legislative fire for causing competitive disadvantages to New York life insurance companies because of the complexity and antiquity of the law (Ohrenstein, Insurance Industry in New York State [NYS Senate, 1979], 65). One form of bonus regulated by this section is the so-called educational seminar, whereby the employer pays all costs of the agent attending the seminar including lodging, transportation and meals. Respondent has permitted these trips where the company has adequately demonstrated that the seminar has a legitimate business and educational purpose, and is not merely a pleasure junket to reward its top performers.
The superintendent determines what is a pleasure junket and what is a legitimate educational seminar. In arriving at his conclusion, he assigns considerable weight to the place where the conference is to be held. Over the years the geographical restrictions have been eased. Thus, what began by permitting such conferences to be held only in the State(s) where the company does business has gradually expanded to encompass the continental United States, and finally Ber *1094 muda, Hawaii and Jamaica. The superintendent has not permitted these conferences to be held in Europe on the grounds that a trip to Europe would be more indicative of a pleasure junket than a bona fide educational conference.
In the present case, the standard or test allegedly used by the superintendent is based upon comparison of the cost and distance of a trip for educational purposes within the borders of the United States, as opposed to one without the United States border. Thus, the superintendent has approved trips to Bermuda and Jamaica based upon this cost-distance yardstick. However, this is not the test the superintendent applied in evaluating petitioner’s request. The country of Ireland is closer to petitioner’s offices than other allowable sites. Further, petitioner demonstrated that the cost would actually be less by going to Ireland than other permissible places. Here, the real "test” applied was merely an automatic veto because the country selected for the seminar was European. The only reason given was that because it was European it was more likely to be a pleasure junket than an educational conference. That ruling results from no test at all, but rather a mere opinion for which no substantiation is offered. Respondent’s position cannot be justified on the grounds that Ireland is a foreign nation; so are Jamaica and Bermuda. Nor can it be justified under the only rational test that has been historically applied — the price-distance cost factor. Nor can respondent’s negative ruling simply rest upon the proposition that the strains of an old Irish harper are per se a greater distraction from the actuarial tables, etc., than the bongos of Jamaica or the beaches of Bermuda.
This court is mindful of the restraints upon its own power to review administrative action: "It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld.” (Matter of Howard v Wyman, 28 NY2d 434, 438 [emphasis added].) The ruling under review has no objective or rational basis. It is entirely arbitrary, and therefore must be vacated.
Accordingly, the petition is granted.