In the Matter of ALLSTATE LIFE INSURANCE COMPANY, Respondent, v SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, Appellant.

First Department, February 23, 1984

APPEARANCES OF COUNSEL

*Lillian Z. Cohen* of counsel (*Melvyn R. Leventhal* and *Stanley A. Camhi* with her on the brief; *Robert Abrams, Attorney-General,* attorney), for appellant.

*Edward Thompson* of counsel (*T. Richard Kennedy* and *Deborah F. Peters* with him on the brief; *Cabell, Kennedy & French,* attorneys), for respondent.

OPINION OF THE COURT

SANDLER, J.

Plaintiff, Allstate Life Insurance Company (Allstate), is a foreign life insurance company doing business in the State of New York and is thereby subject to regulation by the respondent Superintendent of Insurance pursuant to article 9-A of the Insurance Law. Allstate originally sought a "declaratory ruling" directly from the superintendent for permission to conduct in the fall of 1984 a seven-day educational and training conference for its top production agents to be held at the Acapulco Princess Hotel in Acapulco, Mexico. The superintendent denied permission on the ground that the proposed conference exceeds the time, cost and geographical limitations on such life insurance conferences as set forth in Regulation 93 of the Department of Insurance (11 NYCRR part 30).

In particular the conference, if held as proposed, would violate 11 NYCRR 30.2 (a) (1) which provides that the conference may be held only in the United States or in Canada if the insurer is licensed to do business there; 11 NYCRR 30.2 (a) (3) which limits the maximum average cost of the conference to 10% of the first year commissions needed to qualify an agent for attendance (the estimated cost of the conference was $1,708 per agent, over three times the amount permissible under the regulation); and 11 NYCRR 30.2 (a) (4) which limits the length of the conference to five days including travel time.

The regulation was promulgated by the superintendent on August 7, 1981 after public hearings. The purpose of the regulation was to further the general objective of section 213 of the Insurance Law as summarized in the preamble to the regulation, 11 NYCRR 30.1 (a): "The general objective of section 213 of the Insurance Law is to foster reasonable economy in the operation of life insurance companies. The statute was designed to restrict and limit expenditures, particularly in the area of agency expenses, and especially in the acquisition of new business."

Subdivision 7 of section 213 of the Insurance Law has particular relevance to the challenged regulation. It provides that no life insurance company doing business in this State "shall pay or allow, or permit to be paid or allowed,

any bonus, prize or reward or any increased or additional commissions or compensation of any kind whatsoever based upon the volume of any new business or the aggregate number of policies written or paid for. Nothing contained in this subsection shall be construed as prohibiting the institution of contests or competitions among agents, and the recognition of success in such competitions by the awarding of ribbon decorations, medals, pins, buttons or other tokens having small intrinsic value, given not as compensation but as bona fide recognition of merit."

This lawsuit was commenced by Allstate as a CPLR article 78 proceeding to vacate the superintendent's determination denying permission to conduct the conference as submitted. Special Term saw the essence of the action as seeking a declaration that the regulation is unconstitutional or inconsistent with the provisions of section 213 of the Insurance Law, and *sua sponte* converted the action to one for a declaratory judgment pursuant to ·CPLR 103 (subd [c]). Neither party has objected to this aspect of Special Term's order, and no question is presented on this appeal with regard to application of the Statute of Limitations. (Insurance Law, § 34; CPLR 217; cf. *Solnick v Whalen,* 49 NY2d 224; *Matter of New York Excess & Surplus Lines Assn. v Lewis,* 92 AD2d 839, affd 61 NY2d 650.)

■ Preliminarily, we reject Allstate's procedural argument that Special Term's order, insofar as it directs a trial to resolve factual issues, is not appealable as of right because it is an order in a CPLR article 78 proceeding. (CPLR 5701, subd [b], par 1.) As previously described, the order also converted the action to one for a declaratory judgment. Therefore, to the extent it denied a declaration in favor of the regulation's validity, the order is appealable as of right. (CPLR 5701, subd [a], par 2; cf. *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400, 406.)

■ Turning to the merits, we observe that the only constitutional issue arises from Allstate's contention, as set forth in its petition, that "The blanket cost limit of 10 percent of qualifying first-year commissions under· the circumstances presented arbitrarily discriminates against

Petitioner's low cost method of conducting life insurance business principally through use of exclusive, multi-line agents of its parent, the Allstate Insurance Company, in contrast to the higher cost operations of its competitors." Special Term held that Allstate was entitled to an opportunity to challenge, at trial, the superintendent's claim that prior to the promulgation of the regulation an Insurance Department study revealed that the average cost for such conferences in the past was less than 8% of commissions on the qualifying production, and that Allstate does not give to its agents significantly lower average compensation than other life insurers. However, even if we accept as an established fact Allstate's contention that the regulation has a more harsh impact on Allstate than on other life insurance companies by virtue of its allegedly unique and cost-efficient operation, that would not justify a finding that Allstate is being denied due process or equal protection under the Federal or State Constitutions. As the Supreme Court stated in *New Orleans v Dukes* (427 US 297, 303-304), "the judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines * * * in the local economic sphere, it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment."

Allstate's plan to educate its agents for seven days at the Acapulco Princess Hotel at a cost of 31.6% of the first year commissions needed to qualify an agent for attendance surely does not qualify as a fundamental constitutional right; nor does the regulation proceed along suspect lines. Nor are we persuaded that a regulation applying a firm 10% cost limitation on agency conference expenses to all the life insurance companies doing business in New York is fairly subject to a finding of "invidious discrimination". (See *Matter of Bernstein v Toia,* 43 NY2d 437, 446 [flat grant public assistance program cannot support a claim of "invidious discrimination"].)

Finally, we have no difficulty concluding as a matter of law that the regulation is reasonably related to and supportive of a legitimate State interest in fostering economy

in the operation of life insurance companies by restricting expenditures in the area of agency expenses, and insuring, to the extent possible without being unduly restrictive, that agency conventions or conferences are held in places where it will be more likely that the object is to attend to company business as opposed to a pleasure outing. We note that prior to the promulgation of the regulation an Insurance Department study of conference length for the preceding 10 years had determined that with three exceptions such conferences had lasted five or fewer days, and none lasted seven days. As to Allstate's contention that the regulation unduly restricts the education of its life insurance agents, we note that 11 NYCRR 30.2 (b) provides: "The above rules [including the three here challenged by Allstate] do not pertain to local agency meetings which are held at the home office, agency office, branch office or a facility in the vicinity of these offices."

From time to time during the 72-year period after section 213 of the Insurance Law (formerly § 97) was enacted in 1909, the Department of Insurance issued circular letters and bulletins to life insurance companies in an effort to generally prescribe reasonable limits on agency conferences so that they would be consistent with the purpose of section 213. By 1980 it had become apparent that various prior extensions of the limits became the basis of arguments for further extensions. For example, before the regulation was promulgated the superintendent had applied a "cost-distance yardstick" in determining permissible geographic locations. In *Matter of Penn Mut. Life Ins. Co. v Superintendent of Ins.* (104 Misc 2d 1092), the court reasoned that since the superintendents had gradually eased geographical limits beyond the continental United States to include Bermuda, Hawaii and Jamaica, it was arbitrary to deny permission to hold a conference in Ireland. In a similar vein Allstate argues that since the new regulation allows a five-day conference, it is irrational and arbitrary to deny permission for a seven-day conference. We are not now measuring Allstate's proposed conference against a "cost-distance yardstick" but rather against firm outside limitations on the time, cost and geographical boundaries of agency conferences. We decline to hold that

these limitations are to be construed as starting points for carving out "reasonable" exceptions and extensions.

Accordingly, the order of the Supreme Court, New York County (RICHARD W. WALLACH, J.), entered February 9, 1983, which directed that the action proceed to trial, should be reversed to the extent appealed from, on the law, without costs, and a judgment should be entered declaring that the regulation challenged in this action (11 NYCRR 30.2 [a] [1], [3], [4]), is reasonably related to and supportive of a legitimate State interest, as expressed in section 213 of the Insurance Law, and is not violative of the plaintiff's constitutional rights.

KUPFERMAN, J. (dissenting). I would affirm.

Analysis of the restriction to the United States or Canada shows that it is based on economics, and it is fairly obvious that with the decline in the value of the peso, a conference in Mexico (including travel) would be cheaper than one held in New York, Chicago, Los Angeles, Anchorage, Honolulu or Vancouver. Moreover, the Internal Revenue Code permits a conference in Mexico. (US Code, tit 26, § 274, subd [h], par [3], cl [A].)

SULLIVAN, ROSS and LYNCH, JJ., concur with SANDLER, J.; KUPFERMAN, J. P., dissents in an opinion.

Order, Supreme Court, New York County, entered on February 9, 1983, reversed, on the law, without costs and without disbursements, and a judgment entered declaring that the regulation challenged in this action (11 NYCRR 30.2 [a] [1], [3], [4]), is reasonably related to and supportive of a legitimate State interest, as expressed in section 213 of the Insurance Law, and is not violative of the plaintiff's constitutional rights.