■ In the Matter of WALT H. BONAR et al., Appellants-Respondents, v GAIL S. SHAFFER, as Secretary of State of the State of New York, Respondent-Appellant.

On October 2, 1981, petitioner Walt H. Bonar, who was then operating with W. Williams Realty, Inc., at 3131 White Plains Road in The Bronx, applied for an additional broker's license at 4740 White Plains Road, which is located within an area covered by a nonsolicitation order promulgated by respondent Secretary of State of the State of New York. The Department of State notified petitioner on November 6, 1981 that his application would be approved on condition that he not list or sell one-, two- or three-family homes from the 4740 White Plains Road address. Petitioner accepted the license and thereafter became the principal broker for Chetiara Realty, Inc., the other petitioner herein. However, following additional requests by petitioners and communications between them and the Department of State, the latter eliminated the restrictions on the office at 4740 White Plains Road and transferred to petitioner Bonar's new office at 3832 White Plains Road the conditional license which it had just removed from the 4740 White Plains Road location. Petitioners then took no further action until more than a year had elapsed.

In November of 1983, attorneys for petitioners requested a declaratory ruling pursuant to sections 204 and 205 of the State Administrative Procedure Act that "the non-solicitation orders and licensee restrictions will not be applied or enforced against petitioners or other real estate licensees similarly situated." On December 5, 1983, the Department of State

issued a determination declining to grant the relief sought, stating that the State Administrative Procedure Act was not intended to encompass advisory opinions as to the validity of an administrative agency's own regulations and was, moreover, not the proper means to review a conditional approval of relocation. The department noted, however, that petitioners could reapply for a modification of the conditioned permission previously granted to them. Therefore, by letter dated December 13, 1983, petitioners' counsel urged that the Secretary of State "consider the petition herein as a reapplication for approval of Mr. Bonar's current license locations, without any license restrictions, and as an application to modify the conditional approval which was granted with respect to those locations, to remove all such restrictions." The Secretary denied the request in a letter dated April 3, 1984. The present proceeding was commenced on the same date.

Respondent subsequently moved to dismiss the petition pursuant to CPLR 7804 (f) and 3211, contending, in part, that the proceeding was barred by the four-month Statute of Limitations specified in CPLR 217. According to this provision, "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner". In denying the motion to dismiss on this ground, the Supreme Court acknowledged that "[a]lthough normally a reapplication will not extend the period of limitations, in the instant matter respondent, in her determination rendered on December 5, 1983 invited said reapplication resulted *[sic]* in a separate determination on the merits and is therefore properly reviewable." The court further found that since petitioners were also seeking declaratory relief with respect to the constitutionality of respondent's nonsolicitation orders, and "a declaratory judgment action challenging the constitutionality of a governmental determination may be commenced at any time", the petition herein was not untimely.

The law is clear that a declaratory judgment action, not a CPLR article 78 proceeding, is the appropriate vehicle to review the validity of a legislative act *(Rivers v Katz,* 67 NY2d 485; *Matter of Kovarsky v Housing & Dev. Admin.,* 31 NY2d 184; *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400). In that connection, regulations promulgated by an administrative agency may, under certain circumstances, be deemed to constitute legislative acts *(Matter of Lakeland Water Dist. v Onondaga County Water Auth., supra,* at 407; *see also, Matter of Allstate Life Ins. Co. v*

*Superintendent of Ins. of State of N. Y.,* 99 AD2d 278, *affd on opn below* 64 NY2d 962). However, the mere fact that constitutional objections are raised to an administrative determination may not serve to avoid the period of limitations applicable to a proceeding pursuant to CPLR article 78 *(Solnick v Whalen,* 49 NY2d 224, 230-231). In *Solnick v Whalen (supra,* at 227), the Court of Appeals, held that "[a] declaratory judgment action to challenge a determination adjusting Medicaid reimbursement rates for an individual nursing home facility for lack of procedural due process is time-barred when it is brought more than four months after notification of the rejection of its appeal from the audit on which the adjustments were based and more than four months after notification of its adjusted reimbursement rates." As the Court of Appeals further observed in that case *(supra,* at 229-230): "In order to determine therefore whether there is in fact a limitation prescribed by law for a particular declaratory judgment action it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought—factors we have previously identified as pertinent to selection of the applicable Statute of Limitations *(Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389, 396). If that examination reveals that the rights of the parties sought to be stabilized in the action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action. In that event there is a limitation specifically prescribed by law and the catch-all provision of CPLR 213 (subd 1) is not applicable. If the period for invoking the other procedural vehicle for relief has expired before the institution of the action for declaratory relief, the latter action also is barred."

In *Board of Educ. v Ambach* (49 NY2d 986, *cert denied* 449 US 874), the Court of Appeals, referring to plaintiffs' challenge to a decision by the New York State Department of Education, cited *Solnick v Whalen (supra),* when it declared that that action should be dismissed as time barred. The court stated therein that "[a]lthough this action is one for a declaratory judgment, inasmuch as the resolution of rights sought by the parties could have been obtained in a CPLR article 78 proceeding, the applicable Statute of Limitations is the four-month statute governing proceedings under article 78" *(supra,* at 987). The Court of Appeals has reiterated this principle in *Press v County of Monroe* (50 NY2d 695), and again in *Leni-*

*han v City of New York* (58 NY2d 679, 682), wherein the court observed that "[i]t is established that, when a suit for declaratory judgment is brought against governmental regulatory officials to settle a dispute over the resolution of which an article 78 proceeding would be appropriate, the four-month period of limitations which governs such a proceeding (CPLR 217) fixes the time within which a declaratory judgment action must be commenced".

In the matter before us, it is evident that the underlying basis for petitioners' challenge to the administrative rulings herein is that the Secretary of State rejected their application for an additional unrestricted broker's license. Notwithstanding the fact that petitioners also perceive constitutional infirmities to the Secretary's actions, the appropriate method to review an administrative determination of that nature is through an article 78 proceeding, and, consequently, the four-month period of limitations governs. Moreover, as the Supreme Court conceded, an "application for reconsideration of [an] administrative determination did not serve to extend the four-month limitations period" *(Matter of De Milio v Borghard,* 55 NY2d 216, 220). Similarly, correspondence and negotiations between the parties following the Secretary of State's determination did not operate to toll or revive the Statute of Limitations *(see, Gertler v Goodgold,* 66 NY2d 946, 948; *Matter of Lubin v Board of Educ.,* 60 NY2d 974, 976, *cert denied* 469 US 823). While it is true that section 204 of the State Administrative Procedure Act authorizes an agency to render a declaratory ruling, there is no requirement that such a ruling be issued. Indeed, the Department of State's refusal to provide an advisory opinion concerning the validity of its own regulations or decisions was not improper, particularly since it appears that petitioner's renewal of communications with the Department of State after the passage of more than a year following approval of the conditional license may have been a subterfuge to revive the limitations period for the purpose of maintaining an article 78 proceeding. Accordingly, the instant proceeding is barred by the Statute of Limitations, and the motion to dismiss should have been granted. The order and judgment (one paper) of the Supreme Court, entered on January 13, 1987, must, consequently, be vacated. Concur —Kupferman, J. P., Sandler, Milonas and Rosenberger, JJ.