■ In the Matter of NEW YORK STATE REHABILITATION ASSOCIATION, INC. et al., Appellants, v STATE OF NEW YORK, OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, et al., Respondents. [653 NYS2d 978] —Cardona, P. J. Appeal from an order of the Supreme Court (Teresi, J.), entered July 31, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as barred by the Statute of Limitations.

Petitioners are the New York State Rehabilitation Association, Inc. (hereinafter NYSRA), a not-for-profit association, and several of its member agencies who are certified and regulated by respondent Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD) to operate community residences for the developmentally disabled. Prior to March 1, 1993, OMRDD set the State-funded reimbursement fees for services provided in community residences according to 14 NYCRR part 686. Included was an administrative appeal process, which, inter alia, allowed community residences to seek increased reimbursement for operating expenses (see, 14 NYCRR former 686.13 [f]).

In early 1993, OMRDD approached the Federal Health Care Finance Administration (hereinafter HCFA), which administers the Medicaid program at the Federal level, with a proposal to fund rehabilitation/habilitation services for eligible

people in a variety of community program settings, including people living in community residences, starting on March 1, 1993. Toward this end, OMRDD promulgated emergency regulations effective March 1, 1993, as set forth in 14 NYCRR part 671, and amended, *inter alia*, 14 NYCRR part 686, which eliminated community residences from the appeals process, except for that portion of the fee representing reimbursement for the costs of room and board. Subsequently, HCFA informed OMRDD that its initiative would not receive Federal funding without changes to Federal regulations, a time-consuming process that would mean no funding for the then current fiscal year.

Acting on an alternative HCFA suggestion to obtain Medicaid funding for individuals receiving rehabilitative services under 14 NYCRR part 671, OMRDD expanded its existing Federally approved Home and Community Based Services (hereinafter HCBS) waiver program to incorporate these individuals, including those living in community residences. To effectuate expansion of the HCBS waiver program, OMRDD promulgated emergency amended regulations effective September 13, 1993. Notably, OMRDD's March 1, 1993 elimination of the appeals process was unaffected by the September 13, 1993 regulations. On November 23, 1993, NYSRA requested a declaratory ruling from OMRDD regarding the "validity or applicability" of the September 13, 1993 regulations, particularly the loss of appeal rights for community residence programs, and closed with a plea for reconsideration of their abolition. On October 30, 1995, OMRDD issued its declaratory ruling stating that it was not required by law to provide an appeal mechanism for community residential rehabilitation services and, on February 29, 1996, petitioners commenced this proceeding to, *inter alia*, annul the ruling. Thereafter, respondents moved to dismiss the petition on the ground that the proceeding was barred by the four-month Statute of Limitations. Supreme Court found that petitioners' claim accrued on March 1, 1993, and dismissed the petition. Petitioners appeal.

Initially, we note that the determination of whether this proceeding is barred by the four-month Statute of Limitations (*see*, CPLR 217) involves "a two-step process" (*New York City Off Track Betting Corp. v State of New York Racing & Wagering Bd.*, 196 AD2d 15, 18, *lv denied* 84 NY2d 804). The first step, ascertainment of the administrative action being challenged, is not disputed. Clearly, the administrative action at the heart of petitioners' challenge is OMRDD's determination to eliminate community residence rate appeals. It is the second

step, the determination of when this action became final and binding, which is the focal point of this appeal. It is well settled that "[a]dministrative action becomes final and binding when it has impact upon a party and it is clear that the party is aggrieved thereby" (*id.*, at 18; *see, New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 165). However, it is also well established that any ambiguity or uncertainty created by a public body "as to when and whether the determination became—or was intended to be—final and binding" (*New York State Assn. of Counties v Axelrod, supra*, at 166) should be resolved against it (*see, Mundy v Nassau County Civ. Serv. Commn.*, 44 NY2d 352, 357; *Matter of Castaways Motel v Schuyler*, 24 NY2d 120, 126-127). Applying these standards to the instant case, it is our view that the Statute of Limitations began to run on September 13, 1993, the effective date of the emergency regulations which amended 14 NYCRR parts 671, 686, 81 and 14 NYCRR subpart 635-10.

Based upon our review of the record, it is evident that petitioners became aware of OMRDD's determination to eliminate community residence appeals, and the negative impact upon them of that action, during the comment period following promulgation of the emergency proposed regulations effective March 1, 1993. In a letter to OMRDD dated April 8, 1993, NYSRA's consultant, Joseph Kovler, noted the absence of the rate appeals process. During May 1993, NYSRA submitted extensive comments to OMRDD concerning the March 1993 regulations. In these comments, NYSRA stated the need for continuation of an appeals mechanism, noted the complete elimination of the appeals process and argued that such action lacked a legal basis, as it was inconsistent with the authorizing statute (*see*, Mental Hygiene Law § 41.36).

Nevertheless, we find that OMRDD injected ambiguity and uncertainty as to whether, in promulgating the March 1993 regulations, it intended its determination to eliminate rate appeals to be final (*see, New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 166, *supra*). On June 9, 1993, OMRDD responded to NYSRA's comments. In that response, OMRDD stated that Mental Hygiene Law § 41.36 was no longer applicable to Medicaid-funded rehabilitative services (except for the room and board portion of the per diem fee). It also noted, however, that an "appeals" study bill was pending before the Legislature and held out the possibility that, depending on the outcome of the legislation, it was "prepared to give further consideration to rehabilitation services appeals". Then, on June 24, 1993, OMRDD notified community residence provid-

ers that it was abandoning the rehabilitation services initiative, and planning instead to expand the existing HCBS waiver program to obtain Medicaid funding for community residences, which would involve further *regulatory modifications*. Under these circumstances, we agree with petitioners that it was not clear at that point whether they were aggrieved by the promulgation of the March 1, 1993 regulations.

However, we reject petitioners' similar contention that the September 1993 regulations did not constitute a final determination by OMRDD with respect to the elimination of the rate appeals process. While the September 13, 1993 regulations modified 14 NYCRR part 671 to effectuate the expansion of the HCBS waiver program, examination of the "emergency agency action" statement accompanying these regulations reveals that they did not alter the March 1993 elimination of the rate appeals process. Thus, the official promulgation of the amended September 1993 regulations constituted notice to petitioners that the elimination of the rate appeals process, by which they were clearly aggrieved, was final and binding upon them for CPLR article 78 purposes (*see, Matter of Owners Comm. on Elec. Rates v Public Serv. Commn.*, 150 AD2d 45, 53 [dissenting opn], *revd on dissenting opn below* 76 NY2d 779).

Additionally, we find no merit in petitioners' arguments that the Statute of Limitations was tolled prior to its expiration in January 1994 by any actions on the part of OMRDD, or extended by NYSRA's request for a declaratory ruling. As to the latter point, we conclude that NYSRA's request for a declaratory ruling was in reality a request for OMRDD to reconsider its September 13, 1993 determination. Indeed, as previously noted, the request specifically sought a reconsideration of OMRDD's determination to abolish the rate appeals process. It is well settled that an application for reconsideration does not extend the four-month limitations period (*see, Matter of De Milio v Borghard*, 55 NY2d 216, 220; *Matter of Bonar v Shaffer*, 140 AD2d 153, 156, *lv denied* 73 NY2d 702; *Matter of Fiore v Board of Educ. Retirement Sys.*, 48 AD2d 850, *affd on mem below* 39 NY2d 1016).

Accordingly, we hold that the proceeding was not timely commenced within the four-month period of limitations and affirm Supreme Court's order dismissing it.

Crew III, White, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.