■ In the Matter of ALTERRA HEALTHCARE CORPORATION, Appellant, v ANTONIA C. NOVELLO, as Commissioner of Health, et al., Respondents. [761 NYS2d 707] —Mercure, J.P. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered August 1, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Pursuant to its authority under the Social Services Law, respondent Department of Health (hereinafter DOH) conducted inspections of adult residences owned and operated by petitioner. DOH determined that five of petitioner's uncertified facilities are required to be licensed as adult care facilities. By letter dated May 25, 2001, DOH notified petitioner of its determination that petitioner was operating "adult care facilities" as defined by Social Services Law § 2 (21). The letter further stated that: "these facilities would be eligible for certification as enriched housing facilities in whole or in part. Applications for licensure of all these facilities must be submitted to [DOH] no later than July 1, 2001. Failure to file such requests will result in referring this matter to our Division of Legal Affairs as an enforcement action."*

Petitioner disputed the determination and requested a meeting with DOH to discuss issues regarding licensure. Following a July 12, 2001 meeting of the parties, petitioner agreed to submit applications for enriched housing program (hereinafter EHP) licenses "under protest and with a reservation of all rights to challenge [DOH's] assertion that the facilities are subject to licensure." By letter dated August 29, 2001, DOH clarified changes that petitioner's facilities would have to make in order to qualify for EHP licensing and reiterated that it

* DOH subsequently agreed to extend the deadline to file applications until October 31, 2001.

"ha[d] not changed its policy regarding the need for licensure." At petitioner's request, the parties held another meeting in October 2001 at which petitioner sought reconsideration of DOH's decision that the facilities at issue required EHP licenses. After the meeting, DOH sent petitioner another letter, reaffirming its position that "licensure for these facilities is appropriate." Petitioner then submitted the required applications under protest. On November 9, 2001, in response to petitioner's request for a declaratory ruling, DOH again reiterated its position that petitioner's facilities require licensure as EHPs.

Thereafter, on December 28, 2001, petitioner commenced this CPLR article 78 proceeding to annul DOH's determination that its facilities were required to be licensed EHPs. Upon DOH's motion to dismiss, Supreme Court found that petitioner's claim accrued on May 25, 2001 and dismissed the petition as barred by the applicable four-month statute of limitations. Petitioner appeals and we now affirm.

CPLR article 78 proceedings "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]; *see New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 165 [1991]). A determination is final when "the decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury * * * [that] may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998] [internal quotation marks and citation omitted]). Moreover, the limitations "period * * * does not begin to run until the aggrieved party is aware of the determination and the fact that he or she is aggrieved by it" (*Matter of New York Tel. Co. v Nassau County*, 267 AD2d 629, 632-633 [1999], *lv denied* 95 NY2d 756 [2000]).

Here, the challenged determination was made on May 25, 2001, when DOH first notified petitioner in writing that it was required to submit applications for licensure or face legal action and that its facilities were eligible for certification as EHPs. Contrary to petitioner's argument that it could not fully ascertain the consequences of DOH's May 25, 2001 letter or what type of adult care licenses DOH required for the facilities, the record demonstrates that petitioner—which was already managing licensed adult homes in New York—fully understood the implication of DOH's determination. Indeed, after the parties' July 2001 meeting, petitioner agreed to submit applications for EHP licensure of its facilities. Although

petitioner asserts that DOH created ambiguity regarding the finality of its determination during one of its meetings with petitioner, we conclude that DOH consistently and repeatedly reaffirmed its position that petitioner's facilities required licensure as EHPs. Thus, DOH cannot be said to have created any uncertainty with respect to the finality of the challenged determination (*cf. Matter of New York State Rehabilitation Assn. v State of New York, Off. of Mental Retardation & Dev. Disabilities*, 237 AD2d 718, 720-721 [1997]). In any event, applications for reconsideration—such as petitioner's letters, discussions with DOH representatives and request for a declaratory ruling—do not toll the statute of limitations period (*see id.* at 721). Accordingly, inasmuch as this proceeding was commenced more than four months after DOH rendered the challenged determination, Supreme Court properly dismissed the petition as barred by the statute of limitations.

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.