■ CAMBRIDGE DEVELOPMENT, LLC, et al., Appellants, v ANTONIA C. NOVELLO, as Commissioner of the New York State Department of Health, et al., Respondents. [810 NYS2d 38]—

Order and judgment (one paper), Supreme Court, New York

County (Nicholas Figueroa, J.), entered June 4, 2004, which, in a proceeding to annul a purported determination by respondents Department of Health (DOH) and its Commissioner that a building petitioners operate is an "adult care facility" as defined in Social Services Law § 2 (21), and therefore requires an operating certificate, insofar as appealed from, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies, and dismissed the petition, unanimously affirmed, without costs.

The letter from DOH that petitioner claims was a final agency determination merely informed petitioners of DOH's view that they require an operating certificate and of the penalties they faced should they be found after a hearing to be operating without a required operating certificate. Since DOH can impose no penalties until after petitioners have had a full evidentiary hearing on the licensure issue (Social Services Law § 460-d [9] [a]; 18 NYCRR part 493), petitioners have sustained no injury, and thus DOH's determination was not final (*see Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998]). Although DOH prevailed in a similar Third Department case by arguing that the letter DOH sent to the petitioner was a final determination that commenced the four-month statute of limitations (*Matter of Alterra Healthcare Corp. v Novello*, 306 AD2d 787 [2003]), the letter here is different in that it makes clear that this petitioner has available to it an administrative process for litigating the licensing issue before any final decision is made. Under these circumstances, we believe it inappropriate for this Court to interfere with the agency's conduct of its statutory duties (*see Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 369-370 [1988]). Therefore, we decline to do so. We have considered petitioners' other arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Marlow, Williams and Sweeny, JJ.