■ In the Matter of MENORAH CAMPUS INDEPENDENT SENIOR APARTMENTS, INC., Respondent, v ANTONIA C. NOVELLO, as Commissioner of State of New York Department of Health, et al., Appellants. [832 NYS2d 355]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (John M. Curran, J.), entered December 7, 2005 in a proceeding pursuant to CPLR article 78. The judgment granted the petition and annulled respondents' determination.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that petitioner is operating an adult care facility within the meaning of Social Services Law § 2 (21) and therefore is subject to sanctions for failing to obtain an operating certificate. Supreme Court denied respondents' motion to dismiss the petition based on the failure of petitioner to exhaust its administrative remedies. Although the court concluded that the letter notifying petitioner of the determination was not final and binding because the requisite administrative hearing to determine whether petitioner was in fact operating an adult care facility had not been conducted (see § 460-d [9] [a]; 18 NYCRR 486.5 [b] [2]; 493.10 [f] [2]), the court nevertheless denied the motion because it deemed itself bound by the decision in *Matter of Alterra Healthcare Corp. v Novello* (306 AD2d 787 [2003]). We reverse. Following the entry of the judgment on appeal herein, the First Department concluded in *Cambridge Dev., LLC v Novello* (26 AD3d 220 [2006]) that, unlike the determination letter in *Alterra Healthcare Corp.*, the determination letter in the case before it "merely informed petitioners of DOH's view that they require an operating certificate and of the penalties they faced should they be found after a hearing to be operating without a required operating certificate" (*id.* at 221). Thus, although the determination letter in *Alterra Healthcare Corp.* "was a final determination that commenced the four-month statute of limitations," the letter in *Cambridge Dev., LLC* was different because it made clear that there was an available administrative process for litigating the licensing issue before any final determination was made (*id.*). That analysis applies equally to the letter in this proceeding, and we thus conclude under the circumstances of this case that it is inappropriate for this Court to interfere with the per-

formance of respondents' statutory duties (*see id.*). Present—
Hurlbutt, J.P., Gorski, Fahey, Peradotto and Green, JJ.