■ MARVIN H. MELTZER et al., Respondents, v G.B.G., INC., et al., Appellants. MARVIN H. MELTZER et al., Appellants, v G.B.G., INC., et al., Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 9, 1990, which granted defendants' motion pursuant to CPLR 3013, 3014, 3024 and 3211 (a) (7) to dismiss the first and second causes of action of the plaintiffs' complaint, denied defendants' motion to dismiss the third and fourth causes of action, and which granted, in part, defendants' motion to dismiss the fifth and sixth causes of action of the complaint, unanimously modified, on the law, to the extent of granting the defendants' motion to dismiss the fourth cause of action and the remaining portions of the fifth cause of action, and otherwise affirmed, without costs.

Order of the same court and Justice, entered March 19, 1991, which denied plaintiffs' motion seeking to compel the defendants to accept plaintiffs' proposed amended complaint, or in the alternative, for leave to amend the complaint pursuant to CPLR 3025 (b), and to strike the defendants' answer and counterclaims, unanimously affirmed, without costs.

Plaintiffs commenced the underlying action seeking rescission and cancellation of a contract of sale between plaintiff 7 West 37th Street Realty Corp., as purchaser, and defendant G.B.G., Inc., as seller, of certain real property located on City Island, Bronx County. The complaint set forth six causes of action premised upon impossibility of performance; mutual mistake; breach of fiduciary duty by the contract escrow agent, defendant Russ & Russ; anticipatory breach of the sales contract; fraud in the inducement; and breach of a related contractual agreement by defendant G.B.G., Inc., as a contract vendee entitled to purchase the subject property from its present owner, Conjo Realty Corp., by a failure to pay real estate taxes on the subject property.

Defendants thereafter moved to dismiss the complaint as

defectively pleaded, and the IAS court granted the motion only to the extent of dismissing the first and second causes of action and portions of the fifth and sixth causes of action. After the service of the defendants' verified answer, and counterclaims, on September 13, 1990, plaintiffs requested and obtained a written stipulation extending the plaintiffs' time to "reply, respond to, or otherwise move as of course or to make any motion with relation to the defendants' counterclaims" and thereafter served a proposed amended complaint which was rejected by the defendants as untimely and defective in that it repleaded causes of action previously dismissed by the court. Subsequently, the IAS court denied plaintiffs' motion seeking to compel the defendants to accept the proposed amended complaint, or, in the alternative, for leave to amend the complaint pursuant to CPLR 3025 (b), and to strike the defendants' answer and counterclaims.

Upon an examination of the record, we find that the IAS court did not err in denying defendants' motion seeking to dismiss the third cause of action of the original complaint which alleged that defendant Jay E. Russ, and the law firm of Russ & Russ, as the contract escrow agent, had breached their fiduciary duty to the plaintiffs by releasing $150,000 of the downpayment to defendant G.B.G. The contract between the parties contained a rezoning requirement with a release of funds conditioned on plaintiffs' consent in writing upon receipt of a mortgage in recordable form in an amount equal to the funds so released which conditions were not met. Thus the cause of action pleaded was sufficient (*Foley v D'Agostino*, 21 AD2d 60).

Similarly, the remaining portion of the plaintiffs' sixth cause of action, alleging that the defendants had breached the Conjo agreement obligation by failing to pay certain real estate taxes on the subject property, set forth sufficient facts to give the defendants notice of the transactions intended to be proved, and the material elements thereof (*Goldberg v Sitomer, Sitomer & Porges*, 63 NY2d 831, *cert denied* 470 US 1028).

Plaintiffs' fourth cause of action, alleging an anticipatory breach of the sales contract, based solely upon defendant G.B.G.'s intention to rezone the premises to a commercial rather than a low-density residential area, was defectively pleaded and should have been dismissed as a matter of law. That cause of action did not allege that the defendants' construction of the contract with respect to the zoning requirements was either "untenable" or a result of defendants'

bad faith interpretation of the parties' contract *(Hampton v District Council 37 Health & Sec. Plan,* 97 Misc 2d 324).

Similarly, the remaining portion of the fifth cause of action, asserting fraud, based upon the defendant having allegedly failed to disclose to the plaintiffs material facts contained in a redacted contract between defendant G.B.G. and Conjo Realty Corp., was defective as a matter of law. The alleged fraud relates directly to plaintiffs' cause of action for breach of contract and therefore could not be a predicate for a separate cause of action for fraud *(Brumbach v Rensselaer Polytechnic Inst.,* 126 AD2d 841). The plaintiffs, by fully accepting the Conjo contract in a redacted form as part of the sales contract, willingly assumed the business risk that the facts might not have been as represented *(Rodas v Manitaras,* 159 AD2d 341). In any event, an unredacted copy of said agreement, at plaintiffs' direction, was being held by the escrowee. Thus, there could be no fraud.

Leave to amend the complaint pursuant to CPLR § 3025 (b) was properly denied as the prior order of the court, which dismissed as legally deficient the first and second causes of action and a portion of the fifth and sixth causes of action of the original complaint, was *res judicata* with respect to the proposed amended complaint *(Merchant Suppliers Paper Co. v Groveton Papers Co.,* 27 AD2d 713). In addition, service of the proposed amended complaint was untimely since the parties' stipulation did not extend the plaintiffs' time to serve the amended complaint in response to the defendants' verified answer and counterclaims *(Rich v Lefkovits,* 56 NY2d 276). Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Kassal, JJ.