■ GREGORY J. LUSTYIK, Appellant, v BARBARA J. MANAHER et al., Respondents. (And a Third-Party Action.) [640 NYS2d 649] —Peters, J. Appeal from an order of the Supreme Court (Dier, J.), entered June 6, 1995 in Warren County, which denied plaintiff's motion for partial summary judgment on the issue of liability.

On February 18, 1990, plaintiff was traveling southbound on State Route 9L in the Town of Queensbury, Warren County, in a car driven by third-party defendant Mark S. Dickinson. Plaintiff sustained injuries when Dickinson's car collided with

a car driven by defendant Barbara J. Manaher as she attempted to turn left onto Pickle Hill Road from the northbound lane of Route 9L. Plaintiff commenced this negligence action and moved for partial summary judgment on the issue of liability. Supreme Court denied the motion and plaintiff appeals.

We reject plaintiff's contention that no triable issues of fact exist. "[A] court's function on a motion for summary judgment is issue finding, not issue determination" (*Hierro v Bliss Co.*, 145 AD2d 731, 732; *see, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404; *see also, Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M.*, 83 NY2d 178). Motions for summary judgment should be denied where a material issue of fact exists or even arguably exists (*Bulger v Tri-Town Agency*, 148 AD2d 44, 47, *lv dismissed* 75 NY2d 808).

In this case, triable issues of fact remain since the record reflects that the accident occurred on a dark country road at approximately 1:37 A.M. Manaher's affidavit indicated that she never saw any headlights coming toward her before she began her turn and that from the intersection, there is a clear view of Route 9L for approximately 500 yards in the direction that Dickinson's car was traveling. Moreover, defendants' accident reconstruction expert, James Burson, opined that Dickinson's headlights were not illuminated at the time of the collision and that given the length of the skid marks coupled with the "coefficient of the friction of the roadway surface", Dickinson's car had been traveling at an excessive rate of speed both as it began its skid and at the time of impact. This evidence sufficiently justified Supreme Court's denial of plaintiff's motion for partial summary judgment (*see, Joyce v Brockett*, 205 App Div 770, *affd* 237 NY 561; *Clark v Traver*, 205 App Div 206, *affd* 237 NY 544). Accordingly, we affirm the order of Supreme Court.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.