■ WALTER F. FEDUN, Appellant, v WAYNNE J. FEDUN et al., Respondents. [644 NYS2d 384] —White, J.

Following their marriage in Florida in 1985, defendants moved to New York, taking up residence with plaintiff, defendant Waynne J. Fedun's father, in the Town of Thompson, Sullivan County. In 1986, defendants moved into a residence which they, plaintiff and other family members constructed on land

owned by plaintiff. Subsequently, on July 24, 1989, the parties appeared at the office of plaintiff's attorney where plaintiff executed a deed conveying the subject property to defendants who, in turn, executed a $35,000 promissory note with interest at 9% per annum payable to plaintiff in monthly installments over a period of seven years that was secured by a mortgage on the property. It appears that defendants encountered matrimonial difficulties that culminated in the commencement of a divorce action in 1992 by defendant Kathleen M. Fedun (hereinafter defendant). In 1993, plaintiff commenced this mortgage foreclosure action that was tried before an advisory jury. The jury accepted defendant's defense, determining, *inter alia*, that plaintiff made a gift of the property to defendants and that the note and mortgage were unenforceable because defendant signed them as an accommodation to plaintiff who told her they were needed for tax purposes. Waynne Fedun responded by moving for an order rejecting the advisory jury's determination; Supreme Court declined to do so, issuing a judgment declaring the note and mortgage void and dismissing this action. Plaintiff appeals.*

Inasmuch as Supreme Court was not bound by the advisory jury's verdict (*see, Mercantile & Gen. Reins. Co. v Colonial Assur. Co.*, 82 NY2d 248, 253), and as it was its obligation to determine the issues presented in this lawsuit (*see, McClave v Gibb*, 157 NY 413, 422), our inquiry on this appeal is whether Supreme Court's decision is supported by the weight of the credible evidence (*see, Matter of Zielinski*, 208 AD2d 275, 277, *lvs dismissed* 86 NY2d 861, 87 NY2d 944). In making this assessment, we shall give due deference to Supreme Court's determination that defendant's testimony was more credible than that of the other parties (*see, Standard Bldrs. Supplies v Gush*, 206 AD2d 720, 721).

The proof shows that on several occasions prior to her marriage, plaintiff told defendant that he intended to give the subject property to defendants. After the deed was delivered to defendants and the mortgage executed, defendants exercised dominion and ownership over the property and plaintiff never asked for nor received any payments on the mortgage prior to the commencement of this action. It further appears that plaintiff knew that defendants were only earning about $10,000 per year and he recognized that they were in no position to pay the mortgage payments that annually totaled over $6,700. Despite not having received any payments, plaintiff's income tax returns for 1989, 1990 and 1991 disclose that he reported

---

* Waynne Fedun has elected not to participate in this appeal.

the principal and interest due on the note as ordinary income even though he was under no obligation to do so. Defendant's certified public accountant pointed out that oftentimes, in order to minimize the gift tax with respect to a gift of real property, a mortgage agreement will be structured with the donor then forgiving the interest and principal during the term of the mortgage. Significantly, plaintiff's accountant testified that he included the principal and interest on the above returns because plaintiff had gifted it to defendants. Interestingly, this practice ceased in 1992 following the disintegration of defendants' marriage.

Applying the appropriate standard of review, we conclude that the foregoing evidence provides ample support for Supreme Court's determination to confirm the advisory jury's findings (see, Gruen v Gruen, 68 NY2d 48, 53-57). Accordingly, we affirm the judgment in favor of defendants.

Cardona, P. J., Mikoll, Mercure and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.