■ NAZIK S. ROUFAIEL, Appellant-Respondent, v ITHACA COLLEGE et al., Respondents-Appellants. [660 NYS2d 595] —White, J. Cross appeals from two orders of the Supreme Court (Relihan, Jr., J.), entered July 11, 1996 and October 25, 1996 in Tompkins County, which, *inter alia*, partially granted plaintiff's cross motion for summary judgment.

In May 1989, defendant Ithaca College (hereinafter the Col-

lege) appointed plaintiff to the position of Associate Professor in the Department of Accounting for the 1989-1990 academic year. The appointment letter advised plaintiff that, assuming favorable performance reviews, she could be expected to be evaluated for tenure during the 1994 fall term and would be notified of her tenure status in February 1995. The letter further advised plaintiff that among the considerations for tenure, besides merit, were long-term enrollment demand and the fact that the college limited tenure to 75% of the tenure-eligible positions. These requirements were also reflected in the Faculty Handbook. When plaintiff commenced the tenure review process during the 1994-1995 academic year, the Accounting Department had already reached the 75% tenure density level. Nevertheless, the College's Provost, defendant Thomas Longin, advised the Dean of the School of Business in a memorandum, dated May 2, 1994, that the "Accounting Department will *not* be expected to conform to the 75% tenure density rule for the near future" and that he could consider plaintiff for tenure solely on merit. He added a caveat that in granting the exception "we are assuming that enrollment * * * will be sufficient to justify the full cadre of faculty". After evaluation of plaintiff's qualifications by several committees, the All-College Tenure and Promotion Committee recommended that she be granted tenure. Longin, however, citing institutional needs, recommended against tenure and on August 11, 1995 plaintiff was advised that the Board of Trustees did not approve tenure. Subsequently, on November 30, 1995 the All-College Grievance Committee declined plaintiff's grievance.

Plaintiff entered the judicial forum on March 5, 1996 when she commenced this action asserting causes of action sounding in breach of contract, estoppel and fraudulent misrepresentation. Defendants responded by moving to dismiss the complaint for failure to state a cause of action which prompted plaintiff to cross-move for summary judgment. Supreme Court, noting that the parties agreed it could consider the summary judgment motion even though issue had not been joined, determined that plaintiff had asserted a valid breach of contract cause of action as the College had breached the procedural rules contained in the Faculty Handbook that were incorporated in plaintiff's employment contracts. Accordingly, it determined that plaintiff was entitled to an additional year of probationary employment and that the College could reevaluate plaintiff's application for tenure, considering institutional needs if it noti-

fied plaintiff of its intention to do so.[1] Supreme Court did not examine the merits of the other causes of action, finding the fraud causes of action to have been subsumed in the breach of contract cause of action and that its determination rendered the estoppel causes of action moot. Plaintiff and defendants appealed and plaintiff moved to resettle Supreme Court's order to determine if her terminal year was the 1996-1997 academic year or the 1997-1998 academic year. In a resettled order, Supreme Court fixed the 1996-1997 year as plaintiff's terminal year. Again, both parties appeal.

Defendants maintain that Supreme Court erred in determining that plaintiff could pursue her breach of contract causes of action instead of a CPLR article 78 proceeding. This distinction is critical to their position as they maintain that a CPLR article 78 proceeding would have been barred by the four-month Statute of Limitations (CPLR 217). It is now well established that a party aggrieved by the denial of tenure may maintain a CPLR article 78 proceeding to test whether a college's denial of tenure violated college rules and was arbitrary and capricious (*see, Matter of Bennett v Wells Coll.*, 219 AD2d 352, 356; *Matter of Gray v Canisius Coll.*, 76 AD2d 30, 33). The right to bring a breach of contract cause of action has also been recognized where there are express limitations on the college's discretion in the tenure review process (*see, Romer v Board of Trustees*, 842 F Supp 703, 708).

Applying these rules, we find that plaintiff's first and second causes of action predicated upon Longin's May 2, 1994 memorandum sufficiently allege breach of contract causes of action since that document can be construed as an express limitation on the College's discretion. We reach a different conclusion with respect to the third and fourth causes of action alleging that the College failed to follow certain rules governing the tenure review process, as there is no express provision in the Faculty Handbook that such failure limits the College's discretion in granting tenure.

As we have jurisdiction over defendants, we could convert these causes of action to a CPLR article 78 proceeding if they are timely (*see, Manshul Constr. Corp. v Board of Educ.*, 154 AD2d 38, 42; *see also*, CPLR 103 [c]). The four-month Statute of Limitations governing a proceeding in the nature of mandamus to review starts to run when the determination becomes final and binding (*see, Matter of Armstrong v Centerville Fire Co.*, 83 NY2d 937, 939). The College asserts that its

---

1. On October 26, 1996, the Board of Trustees disapproved tenure for plaintiff on the basis of institutional needs.

decision denying plaintiff tenure became final and binding on August 11, 1995, which would make a CPLR article 78 proceeding commenced on March 5, 1996 untimely. Plaintiff counters that this argument is specious because she commenced this proceeding within four months of the date her grievance was declined. Our examination of the record discloses that the College's grievance procedure was not mandatory; instead it merely provided plaintiff with an alternative forum in which to seek to vindicate her rights. In light of this, her invocation of the grievance procedure did not toll the running of the Statute of Limitations (*see, Matter of Queensborough Community Coll. v State Human Rights Appeal Bd.*, 41 NY2d 926; *Matter of Vasbinder v Hartnett*, 129 AD2d 894, 895, *lv denied* 70 NY2d 606; *Matter of Jones v McGuire*, 92 AD2d 788, 789). Thus, we agree with defendants that plaintiff is barred from maintaining a CPLR article 78 proceeding. Consequently, the third and fourth causes of action must be dismissed.

While we have found the first and second causes of action sufficient, we are not prepared at this point to award plaintiff summary judgment. Longin contends that the waiver of the College's right to consider institutional needs that is contained in his May 2, 1994 memorandum never became effective because it was contingent upon there being sufficient student enrollment in the Accounting Department to justify one or two additional faculty members.[2] He points out that this contingency was not met due to the reduction in enrollment in the Accounting Department from 169 students in the fall of 1990 to 101 students in the fall of 1994 and to 89 in the fall of 1995. Plaintiff disputes these figures, claiming that the enrollment for the 1994-95 academic year was 128 and 178 for the 1995-96 year, whereas the projected number had been 90. The resolution of the question of whether these enrollment figures preclude the application of the subject waiver is beyond the scope of a summary judgment motion in which the court's function is limited to issue finding, not issue determination (*see, Lustyik v Manaher*, 226 AD2d 852, 853). Further, the conflicting enrollment figures present a credibility issue for the jury to resolve (*see, G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.*, 215 AD2d 821, 823). It is for these reasons that we find summary judgment inappropriate as to these two causes of action.

---

**2.** The fact that the Board of Trustees allegedly did not authorize the waiver does not preclude its application since there is no proof that Longin, the College's agent, was acting outside the scope of his employment when he authored the May 2, 1994 memorandum (*see, Royal Ins. Co. v Ru-Val Elec. Corp.*, 918 F Supp 647, 652-653; *see also*, 3 NY Jur 2d, Agency, § 239, at 64).

Plaintiff's fifth and sixth causes of action are founded upon the theory of tenure by estoppel, a form of promissory estoppel as it involves a promise to do something in the future, i.e., grant tenure (57 NY Jur 2d, Estoppel, § 23, at 35). To establish a promissory estoppel it must be shown that the defendant made a clear and unambiguous promise upon which the plaintiff reasonably relied to his or her detriment (*see, Fourth Branch Assocs. Mechanicville v Niagara Mohawk Power Corp.*, 235 AD2d 962, 964; *Freedman & Son v A.I. Credit Corp.*, 226 AD2d 1002, 1003). Assuming that plaintiff was assured that the tenure evaluation would be limited to merit, she cannot point to an unequivocal promise that tenure would have been granted. In fact, the record shows that the Tenure and Promotion Committee of the School of Business originally recommended against tenure because of concerns about plaintiff's scholarship. Also, the absence of a promise of tenure negates plaintiff's reliance on the doctrine of equitable estoppel, which is only applicable where there is a definite misrepresentation of fact (*see, Buttry v General Signal Corp.*, 871 F Supp 136, 140, *affd* 68 F3d 1488). Therefore, considering the lack of record support, these causes of action should have been dismissed.

Plaintiff's seventh and eighth causes of action sounding in fraud were properly dismissed since they relate directly to plaintiff's causes of action for breach of contract (*see, Tannehill v Paul Stuart, Inc.*, 226 AD2d 117, 118; *Meltzer v G.B.G., Inc.*, 176 AD2d 687, 689; *Brumbach v Rensselaer Polytechnic Inst.*, 126 AD2d 841, 843).

Lastly, our determination renders academic the appeals from the resettled order.

Cardona, P. J., Mercure and Carpinello, JJ., concur. Ordered that the order entered July 11, 1996 is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiff's cross motion and denied defendants' motion to dismiss the third, fourth, fifth and sixth causes of action; deny plaintiff's cross motion, grant defendants' motion to that extent and dismiss said causes of action, with leave to defendants to serve their answer within 20 days of the date of this Court's decision; and, as so modified, affirmed. Ordered that the cross appeals from the order entered October 25, 1996 is dismissed, as academic, without costs.