■ NAZIK S. ROUFAIEL, Appellant, v ITHACA COLLEGE et al., Respondents. [680 NYS2d 298] —White, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered December 15, 1997 in Tompkins County, which, *inter alia*, granted defendants' cross motion for summary judgment dismissing the complaint.

The facts underlying this appeal can be found in our prior decision (241 AD2d 865). Subsequent thereto, defendants served their answer which was followed by plaintiff's motion for summary judgment and defendants' cross motion for the same relief. Supreme Court granted defendants' motion, reasoning that the only relief that could be accorded to plaintiff would be to afford her a second tenure review and, as that had already taken place pursuant to its original order, there was no need for further proceedings.* Plaintiff appeals.

We agree with Supreme Court that plaintiff is not entitled to an award of tenure at this juncture since that decision, with certain exceptions, necessarily belongs to the professional educators and administrators who possess the expertise required for making such determination (*see, Matter of Pace Coll. v Commission on Human Rights*, 38 NY2d 28, 38; *Matter of Bennett v Wells Coll.*, 219 AD2d 352, 356). It erred, however, in determining that the second tenure review was dispositive of this action. In the event plaintiff establishes that the 1994 and 1995 enrollment figures were sufficient to justify the hiring of a tenured professor in the accounting department, she is entitled to have her application for tenure considered by defendants solely on the basis of merit. The second tenure review did not provide plaintiff with this relief since it was broader in scope in that, besides merit, it took into account institutional needs, in particular the enrollment for the past six years. Therefore, Supreme Court should not have granted defendants' cross motion.

While the 1994 and 1995 enrollment figures may no longer be in dispute, summary judgment in plaintiff's favor is not warranted for, as we pointed out in our prior decision, the question of whether these figures preclude defendants' consid-

---

* This review resulted in the denial of tenure on the basis of institutional needs.

eration of institutional needs and tenure density in assessing plaintiff's application for tenure is beyond the scope of a summary judgment motion in which the court's function is limited to issue finding, not issue determination (*see, Roufaiel v Ithaca Coll.*, 241 AD2d 865, 868, *supra*).

Because success in this action does not guarantee plaintiff tenure and considering our reluctance to intrude into the field of educational and faculty appointments, we shall deny plaintiff's motion for a preliminary injunction (*see, Faro v New York Univ.*, 502 F2d 1229).

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' cross motion; cross motion denied; and, as so modified, affirmed.