■ BERNARD K. CRAWFORD, JR., Appellant, v ANNE W. CRAWFORD, Respondent. [719 NYS2d 40] —Judgment, Supreme Court, New York County (Marylin Diamond, J.), entered October 15, 1999, *inter alia*, distributing the parties' marital property, including 50% of the value of plaintiff's medical practice and enhanced earning capacity, and directing the reimbursement to defendant's father of monies found to be investments in certain of the marital properties and not gifts, unanimously affirmed, without costs.

A fair interpretation of the evidence supports the trial court's finding, largely one of credibility, that defendant's non-economic contributions during the period that plaintiff was in training were substantial, and justify an equal share in the value of his medical practice and enhanced earning capacity (*see, Thoreson v Penthouse Intl.*, 80 NY2d 490, 495). The finding that defendant's father did not intend to make a gift to the parties of various contributions he made toward the purchase of several of their properties is also supported by a fair interpretation of the evidence, including documents showing his retention of ownership interests in the properties, and the absence of evidence indicating that the only purpose of such

documents was to serve as facades, designed to save taxes or otherwise motivated, for what were really gifts (*compare*, *Fedun v Fedun*, 228 AD2d 907). We have reviewed plaintiff's other arguments and find them to be unavailing. Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Rubin, JJ.