■ Nazik S. Roufaiel, Appellant, v Ithaca College et al., Respondents. [721 NYS2d 124] —Crew III, J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), in favor of defendants, entered September 16, 1999 in Tompkins County, upon a decision of the court with an advisory jury.

A more detailed recitation of the underlying facts may be found in this Court's original decision in this matter (241 AD2d 865). Briefly, plaintiff has commenced suit against defendant Ithaca College, defendant James J. Whalen, as President of the College, and defendant Thomas Longin, as Provost of the College, alleging, insofar as is relevant to this appeal, breach of contract and seeking, *inter alia*, specific performance requiring defendants to either grant her tenure or consider her application for tenure solely on the basis of merit. The basis for plaintiff's breach of contract claim is a May 2, 1994 memorandum from Longin to the Dean of the School of Business, wherein Longin advised the Dean that he could consider plaintiff's then pending application for tenure solely on merit and without regard to the College's tenure density rule. There was, however, a caveat—namely, "that enrollment * * * [would] be sufficient to justify the full cadre of faculty."

When this matter was last before us (255 AD2d 818), we modified Supreme Court's order by reversing so much thereof as had granted defendants' cross motion for summary judgment, finding that a question of fact existed as to whether the 1994 and 1995 enrollment figures were sufficient to justify the hiring of a tenured professor in the accounting department, where plaintiff initially had been appointed as an Associate Professor. The matter thereafter proceeded to trial before an advisory jury and, at the conclusion thereof, the jury answered the question charged—"[w]as the appointment of an additional tenured faculty member in the Department of Accounting justified, based on the actual and projected enrollment figures known to the College (or reasonably knowable) in the summer of 1995"—in the negative.

Plaintiff thereafter moved for judgment notwithstanding the verdict or, in the alternative, a new trial, and defendants cross-moved for an order adopting the findings made by the advisory jury. Supreme Court adopted the advisory jury's findings, denied plaintiff's motion to set aside the verdict, dismissed the complaint in its entirety and awarded defendants costs in the amount of $700. This appeal by plaintiff ensued.

We affirm. The various arguments raised by plaintiff do not warrant extended discussion. "Inasmuch as Supreme Court was not bound by the advisory jury's verdict * * *, and as it was its obligation to determine the issues presented in [the] lawsuit * * *, our inquiry on this appeal is whether Supreme Court's decision is supported by the weight of the credible evidence" (*Fedun v Fedun*, 228 AD2d 907, 908 [citations omitted]), giving due deference to the credibility determinations made by Supreme Court (*see, Matter of Saxton*, 274 AD2d 110, 118). With these principles in mind, we now turn to the specific arguments advanced by plaintiff.

Initially, we reject plaintiff's assertion that Supreme Court erred with respect to its charge to the advisory jury. In view of the fact that Supreme Court was not bound by the advisory jury's verdict and, indeed, was free to adopt, modify or disregard the verdict entirely (*see, Mercantile & Gen. Reins. Co. v Colonial Assur. Co.*, 82 NY2d 248, 253), the propriety of the court's charge is immaterial. Upon review of such charge, however, we find no error. The issue for the jury's resolution as framed by Supreme Court,[1] the question posed to the jury on

---

1. "It will be your task to determine whether the enrollment was sufficient or insufficient to justify an additional tenured faculty member in the Accounting Department."

the verdict sheet[2] and the issue identified by this Court for jury resolution[3] are not, as plaintiff contends, inconsistent but, rather, are mirror images of one another.

As to the issue of whether Supreme Court's decision is against the weight of the evidence, we again disagree with plaintiff. The testimony of defendants' witnesses, particularly Longin and Larry Metzger, the College's Dean of Enrollment Planning, plainly established that the relevant enrollment figures were not sufficient to warrant the hiring of an additional tenured professor. As the "sufficient enrollment" condition set forth in Longin's May 1994 memorandum was not satisfied, there was no basis upon which to award plaintiff a "merit only" tenure review. To the extent that plaintiff presented evidence to the contrary, such conflicting proof presented factual and credibility issues for Supreme Court to resolve.

With respect to the disputed trial exhibits, the record reflects that plaintiff moved before Supreme Court to settle the record, contending that several of her trial exhibits had been incorrectly omitted from the trial transcript. By order dated July 21, 2000, Supreme Court denied the motion, finding that based upon the official transcript, the exhibits in question were not offered or admitted into evidence. As plaintiff failed to file a notice of appeal from such order, the propriety of Supreme Court's determination on this point is not properly before this Court. Plaintiff's remaining arguments, to the extent not specifically addressed, are either academic or lacking in merit.

Cardona, P. J., Mercure, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

**2.** "Was the appointment of an additional tenured faculty member in the Department of Accounting justified, based on the actual and projected enrollment figures known to the College (or reasonably knowable) in the summer of 1995?"

**3.** "In the event plaintiff establishes that the 1994 and 1995 enrollment figures were sufficient to justify the hiring of a tenured professor in the accounting department, she is entitled to have her application for tenure considered * * * solely on the basis of merit" (255 AD2d 818, *supra*).