■ GEORGE RICCOBONI et al., Appellants, et al., Plaintiffs, v BESTFOODS, INC., Formerly Known as CPC INTERNATIONAL, INC., Respondents. [732 NYS2d 174] —In an action, inter alia, for a judgment declaring the rights of the parties under contracts for the wholesale distribution of bakery products, the plaintiffs George Riccoboni, Nature's Best Group, Inc., Raymond Belanger, Michael Vitale, Manorville Corporation, Mark LoRusso, Mark Silverman, Silvy Dee Dist., Inc., Herbert Silverman, H.J.S. Dist., Inc., Vincent Liscio, V.S.M. Distribution Corp.,

Robert Glew, and R & L Distributors, Inc., appeal from an order of the Supreme Court, Nassau County (Austin, J.), dated December 5, 2000, which denied their motion for leave to serve a second amended complaint asserting a cause of action to recover damages for anticipatory breach of contract.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is granted, and the second amended complaint is deemed served; and it is further,

Ordered that the respondents' time to answer the second amended complaint is extended until 20 days after service upon them of a copy of this decision and order with notice of entry.

The Supreme Court improvidently exercised its discretion in denying the appellants' motion for leave to serve the second amended complaint, which was annexed to the motion. The appellants demonstrated the merits of the proposed cause of action to recover damages for anticipatory breach of contract (*see, Levine v Levine,* 286 AD2d 423; *cf., Meltzer v G.B.G., Inc.,* 176 AD2d 687), and offered a reasonable excuse for the delay in seeking leave to amend (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *Nikac v Rukaj,* 276 AD2d 537; *cf., Romeo v Arrigo,* 254 AD2d 270). Furthermore, the respondents failed to establish any prejudice resulting from the delay (*see, Edenwald Contr. Co. v City of New York, supra; Nikac v Rukaj, supra*). Ritter, J. P., Santucci, Feuerstein and Adams, JJ., concur.