■ AMBASE CORPORATION, Appellant, v PRYOR CASHMAN SHERMAN & FLYNN LLP et al., Respondents. [826 NYS2d 33]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered November 15, 2005, which, in an action for legal malpractice, denied plaintiff's motions to modify or vacate a judgment dismissing the action with prejudice, and for leave to serve a second amended complaint, unanimously affirmed, with costs.

There is no material difference between the original and proposed amended complaints. In the original, plaintiff alleged that defendants advised that if plaintiff's opponent in the underlying action objected to plaintiff's request for reimbursement of executive bonuses from the escrow account set up in the underlying settlement agreement, an arbitrator would determine a reasonable bonus request, but that defendants never advised plaintiff of "the risks of arbitration," causing plaintiff to erroneously believe that the agreement "guaranteed [its] ability to use the Escrow Account to cover 50% of any amount awarded [plaintiff's] executives as a bonus." That complaint was dismissed as contradicted by the plain and unambiguous terms of the settlement agreement. In the proposed complaint, plaintiff alleges that defendants misled it into believing that the opponent had actually agreed that bonuses would be reimbursable from the escrow account. Thus, both complaints make essentially the same claim—that defendants misled plaintiff into believing that it was entitled to reimbursement from the escrow account for bonuses paid to executives. Since the original complaint was dismissed with prejudice, plaintiff is precluded on the basis of res judicata from asserting the same claim in the proposed complaint (*see Meltzer v G.B.G., Inc.*, 176 AD2d 687, 689 [1991]). Concur—Andrias, J.P., Saxe, Nardelli, Sweeny and McGuire, JJ.