■ In the Matter of ELIZABETH SOUCY, Petitioner, v. BOARD OF EDUCATION OF NORTH COLONIE CENTRAL SCHOOL DISTRICT NO. 5, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review and annul a determination of the respondent Board of Education which found petitioner to be incompetent and recommended her dismissal. The petitioner is a teacher with 23 years of experience and for the last 21 years has been employed by the respondent district as an elementary teacher. She has been tenured on three occasions by the respondent board, the last time in 1965 when she was tenured as a kindergarten teacher. In 1967 Alton Downer become principal of the school where the petitioner taught and as late as April, 1969, in an evaluation report, he concluded that her performance as a teacher was satisfactory at the very least. However, in 1971, Downer brought about the institution of charges against the petitioner which ultimately resulted in a decision by the board that she should be dismissed. The charges were incompetency as evidenced by: (1) time wasted on class plans; (2) lack of planning for definite readiness sequence; (3) lack of units in art, music and science. Also charged was conduct unbecoming a teacher, as evidenced by: (1) alleged falsification of the Metropolitan reading test; (2) missing library materials found in peti-

tioner's locker, and (3) certain list belonging to another teacher which petitioner returned to the library as her own. Upon receipt of the charges, the board found probable cause. Petitioner was served with notice of the charges as specified above and demanded a hearing. A panel and hearing officer were named and designated and the hearing was held. The panel found that there was a "continuing lack of a well-rounded program for children in kindergarten in the petitioner's class" and that the handling of the Metropolitan and Peabody tests indicated "a more than usual degree of incompetency". The panel recommended that the petitioner be dismissed and the Board of Education on August 16, 1971 followed the recommendation and voted to dismiss the petitioner, effective immediately. Petitioner seeks annulment of the board's determination, contending, *inter alia,* that the determination was defective because procedural requirements of subdivision 2 of section 3020-a of the Education Law were ignored; that the findings were inconsistent with the charges; and that evidence admitted upon matters not covered in the charges against the petitioner was therefore irrelevant as well as prejudicial. At the outset it is to be noted that the panel absolved the petitioner of conduct unbecoming a teacher and that their "findings" dealt with acts of incompetency which were not charged. Obviously this finding is improper because to find the petitioner guilty of conduct not charged is to deprive her of substantial rights, namely, a fair hearing and due process (*Matter of Murray* v. *Murphy,* 24 N Y 2d 150). In addition, subdivision 2 of section 3020-a of the Education Law provides that one charged is entitled to a written statement specifying the charges in detail. The charges here were vague and general. As to petitioner's third contention, the record clearly shows the receipt in evidence of testimony completely irrelevant and also prejudicial and in no way germane to the charges. By innuendo at least a question of tenure granted petitioner some 18 years before was allowed to be brought to the panel's attention. In summary, the petitioner was dismissed for acts of incompetence not charged; she was denied notice with appropriate detail of the charges, and prejudicial and irrelevant testimony was admitted at the hearing. Determination annulled, with costs, and petitioner restored to her position, and matter remitted to a Special Term of Supreme Court, Albany County, for a determination, under the relevant rules, of the amount, if any, petitioner is to be paid in salary from August 16, 1971 to date. Greenblott, Cooke, Kane and Main, JJ., concur; Herlihy, P. J., concurs in a separate memorandum in which Greenblott, J., concurs. Herlihy, P. J. (concurring). The present record is devoid of any substantial evidence either to support the charges actually made or those considered by the respondent in its determination. The lack of any substantial evidence to support the dismissal of the petitioner pursuant to the tenure provisions of the Education Law requires that the determination be annulled and that the petitioner be reinstated together with appropriate back salary.