■ In the Matter of BETTE TURNER, Appellant, v BETHLEHEM CENTRAL SCHOOL DISTRICT et al., Respondents. [696 NYS2d 266] —Mugglin, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered June 10, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent Bethlehem Central School District's motion for renewal and, upon renewal, dismissed the petition as untimely.

In June 1996, respondent Bethlehem Central School District (hereinafter the District) reclassified petitioner's position from senior stenographer to account clerk/typist and reduced her salary accordingly. Petitioner's union thereafter requested that respondent Albany County Civil Service Commission* assume jurisdiction over the reclassification of petitioner's position. By letter dated February 11, 1997, Senior Personnel Technician Bruce J. O'Connor advised the District that account clerk/typist was the appropriate classification for petitioner's position. As a result of an inquiry by petitioner's union, O'Connor sent a second letter, dated March 18, 1997, advising the District that it was the County's practice to earmark positions downgraded through the classification process and retain the former title and salary until the current occupant vacates the position. In a telephone conversation, O'Connor thereafter advised the District that the County's practice was not binding on school districts.

Petitioner commenced this CPLR article 78 proceeding on July 1, 1997 seeking the return of her position to its former classification and salary. The District's answer included the affirmative defense that the proceeding was barred by the applic-

---

* Effective July 31, 1996, the Albany County Civil Service Commission was abolished and its duties were assumed by the Director of the Division of Civil Service within the Albany County Department of Human Resources.

able Statute of Limitations. The District argued that since petitioner's reclassification and salary change was effective on July 1, 1996, the claim accrued on that date and commencement of this proceeding one year following the reclassification and salary reduction was well beyond the four-month Statute of Limitations. The District further argued that even if petitioner's claim accrued on February 11, 1997, the date upon which the Commission approved the reclassification, her time to commence this proceeding would have expired on or about June 11, 1997. Supreme Court granted the petition concluding, *inter alia*, that the District had failed to prove when petitioner received the letter of February 11, 1997 in which the Commission approved the reclassification. The District moved to renew and, upon renewal, the court concluded that petitioner had received the February 11, 1997 letter more than four months prior to the commencement of the proceeding. Supreme Court dismissed the petition as untimely and petitioner appeals.

Petitioner neither challenges Supreme Court's grant of renewal nor disputes her receipt of the February 11, 1997 letter. Rather, she contends that the letter did not commence the running of the Statute of Limitations. We disagree. "It is well settled that the four-month Statute of Limitations commences to run when an aggrieved party is notified of an administrative determination that is unambiguous and certain" (*Matter of New York State Radiological Socy. v Wing*, 244 AD2d 823, 825, *lv denied* 92 NY2d 802). The burden is on the administrative agency to demonstrate the existence of a final and binding determination (*see, Matter of Castaways Motel v Schuyler*, 24 NY2d 120, 126) and any ambiguity or uncertainty created by the agency must be construed against it (*see, Mundy v Nassau County Civ. Serv. Commn.*, 44 NY2d 352, 357).

It is beyond dispute that petitioner's reclassification and salary reduction was effective on July 1, 1996. This reclassification was approved by the Commission and petitioner was notified of that approval by letter dated February 11, 1997. We conclude that Supreme Court correctly found that the Statute of Limitations commenced on February 11, 1997, the date upon which the approval of reclassification was mailed to petitioner. This letter is unambiguous and certain and constitutes a final and binding determination. The fact that the District may have thereafter sought clarification of the letter does not alter the fact that the determination was final and binding from petitioner's perspective on February 11, 1997. Therefore, Supreme Court correctly determined that the petition was untimely and dismissed the proceeding.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.