■ RICHARD DOBSON, Appellant, v KEVIN LOOS, as Acting Commissioner of Personnel of County of Erie, et al., Respondents. [716 NYS2d 220] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiff, a Sergeant in the Erie County Sheriff's Department, commenced this action in May 1996, alleging that defendants violated Civil Service Law § 75-b and Labor Law § 740 by taking retaliatory action against him for his "whistle-blowing" activity. Supreme Court erred in granting defendants' motion to dismiss the action as time-barred under the applicable one-year Statute of Limitations (Labor Law § 740 [4] [a]; Civil Service Law § 75-b [3] [c]). Plaintiff has sufficiently alleged a statutory violation committed by defendants within one year prior to the commencement of this action. He alleges that defendants took active and extraordinary measures to preclude his appointment as Lieutenant during the life of the preferred eligibility list until its expiration by operation of law. That alleged conduct falls within the definition of a "retaliatory personnel action," defined as the "discharge, suspension or demotion of an employee, or other adverse employment action taken against an employee in the terms and conditions of employment" (Labor Law § 740 [1] [e]; see also, Civil Service Law § 75-b [1] [d]; [2] [a]). Because the eligibility list did not expire until June or July 1996, defendants' alleged retaliatory conduct continued throughout the year prior to commencement of this action. Moreover, plaintiff alleges that, in December 1995, defendants created and filled the new positions of senior and supervisory detectives, quasi-lieutenant positions that rightfully should have been offered to plaintiff but were not. Further, plaintiff alleges defendants' retaliatory relegation of plaintiff to virtually nonexistent duties in December 1995 or January 1996. Those alleged actions also meet the statutory definition of an adverse personnel or employment action (see, Civil Service Law § 75-b [1] [d]; Labor Law § 740 [1] [e]), and also occurred within one year prior to commencement of this action.

We have considered defendants' remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Pine, Hayes, Wisner and Kehoe, JJ.