■ In the Matter of BONNIE M. BARGSTEDT, Appellant, v CORNELL UNIVERSITY, Respondent. [757 NYS2d 646] —Peters, J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered June 17, 2002 in Tompkins County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner's employment with respondent required frequent business trips for which she received reimbursement. After respondent's audit department conducted an investigation regarding possible financial irregularities by petitioner in connection with her submission of duplicate travel vouchers, she met with Robert Gilbert, Associate Dean, along with two members of the audit department. Despite petitioner's protestations that the duplicate submissions were inadvertent, she was terminated effective the following day—August 21, 2001. A letter to petitioner dated September 13, 2001 confirmed her termination.

Petitioner filed a formal grievance pursuant to the "exclusive university procedure for the resolution of job-related complaints and grievances" and respondent conducted a "step I" hearing as required by the policy. After receiving evidence from petitioner, the audit department and other university officials, the Hearing Officer affirmed Gilbert's termination of petitioner. Petitioner appealed this decision and a "step II" hearing was held on November 13, 2001. At such meeting, and again in writing on November 30, 2001, the Hearing Officer requested petitioner to specifically identify the relief she sought. By letter dated December 19, 2001, the Hearing Officer advised petitioner that since she had not responded to his request to

particularize the relief sought, he assumed her grievance was withdrawn. Various letters thereafter ensued from petitioner's counsel to either the Hearing Officer or respondent's counsel in an effort to determine when a decision would be rendered. By letter dated April 24, 2002, respondent's counsel reiterated that the grievance was deemed withdrawn as indicated in the letter from the Hearing Officer dated December 19, 2001.

By verified petition dated April 24, 2002, petitioner commenced this CPLR article 78 proceeding requesting, among other things, that Supreme Court compel respondent's written decision or order her reinstatement. In lieu of an answer, respondent moved to dismiss by claiming that the proceeding was untimely and that it failed to state a cause of action. Supreme Court determined, among other things, that the action was time-barred, prompting this appeal.

The statute of limitations for actions brought under CPLR article 78 is four months from the time "such determination became final and binding upon [the petitioner]" (CPLR 217 [1]; see *Matter of Yarbough v Franco*, 95 NY2d 342, 346 [2000]). While it will be tolled when the grievance procedure is mandatory (see *Matter of Patry [Village of Tupper Lake]*, 262 AD2d 757, 759 [1999], *lv denied* 94 NY2d 753 [1999]), it will typically not be tolled where a voluntary grievance procedure is employed (see *Matter of Queensborough Community Coll. of City Univ. of N.Y. v State Human Rights Appeal Bd.*, 41 NY2d 926, 926 [1977]; *Roufaiel v Ithaca Coll.*, 241 AD2d 865, 867 [1997]; *Matter of Vasbinder v Hartnett*, 129 AD2d 894, 895 [1987], *lv denied* 70 NY2d 606 [1987]).

Focusing on the language of respondent's written policy as the "exclusive university procedure for the resolution of job-related complaints and grievances," petitioner contends that the grievance procedure was mandatory. We disagree. While the policy contains such introductory language, it further provides that any staff member "*may* utilize this procedure" (emphasis added) for a resolution of a dispute; there is nothing indicating that such grievance procedure was mandatory. Moreover, any contention by petitioner that respondent should be equitably estopped from claiming that the action is time-barred due to respondent's failure to have issued a timely decision is undermined by petitioner's ability, pursuant to such policy, to advance to the next step without awaiting a determination concerning the prior step if respondent had not observed the articulated time limits.

Clearly, the oral termination date of August 20, 2001 must be deemed the final and binding determination from which the

statutory time period commenced since its impact upon petitioner was evident—she was told not to return to work (*see Matter of Jewish Mem. Hosp. v Whalen*, 47 NY2d 331, 343 [1979]; *Matter of New York State Rehabilitation Assn. v State of New York, Off. of Mental Retardation & Dev. Disabilities*, 237 AD2d 718, 720 [1997]). Having given consideration to the "completeness of the administrative action and a pragmatic evaluation of whether the 'decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury' " (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519 [1986], *cert denied* 479 US 985 [1986], quoting *Williamson County Regional Planning Commn. v Hamilton Bank*, 473 US 172, 193 [1985]), we conclude that petitioner's choice to pursue the grievance procedure "neither toll[ed] the [s]tatute of [l]imitations nor render[ed] 'an otherwise final determination nonfinal' " (*Matter of Quantum Health Resources v De Buono*, 273 AD2d 730, 731 [2000], *lv dismissed* 95 NY2d 927 [2000], quoting *Matter of Hunt Bros. Contrs. v Glennon*, 214 AD2d 817, 819 [1995]).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.