■ In the Matter of AMERICAN TRANSIT INSURANCE COMPANY, Appellant, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [762 NYS2d 427] —Rose, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered January 16, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as untimely.

As a result of the 1997 amendment to Vehicle and Traffic Law § 313 (4) (*see* L 1997, ch 678, § 4, as amended by L 1998, ch 509, § 3), respondents, in consultation with motor vehicle insurers and others, developed a plan and specifications for a new, electronic liability insurance reporting system called the "Insurance Information & Enforcement System" (hereinafter IIES). The goal of the IIES, which electronically compares data from insurers with data concerning registered vehicles, is to facilitate the detection of uninsured motor vehicles (*see* Vehicle and Traffic Law § 313 [4]). Respondent Department of Motor Vehicles (hereinafter DMV) officially announced the IIES in

April 1999 and published a guide describing how it would be implemented in August 1999. After twice delaying the startup of the IIES to accommodate insurers' concerns, respondents initiated it on June 12, 2000 and then issued implementing regulations that were effective as of July 19, 2000 (*see* 15 NYCRR part 34). Thereafter, petitioner submitted electronic data about its insureds to the IIES. Although petitioner's first data submission on October 20, 2000 was tardy and deemed unacceptable, DMV notified petitioner that its second submission in November 2000 had been successfully processed.

In March 2001, however, petitioner became aware that the IIES had triggered a large number of unwarranted revocations of its insureds' vehicle registrations. On July 5, 2001, dissatisfied with DMV's alleged refusal to identify the errors that caused the revocations, petitioner commenced this CPLR article 78 proceeding asserting that respondents had abused their discretion by implementing the IIES without proper testing, wrongfully revoking vehicle registrations in the course of the IIES operations, and thwarting petitioner's efforts to correct the underlying errors. The relief requested included an order enjoining further implementation of the IIES, directing DMV to cooperate with petitioner in correcting the errors in its electronic filings, and prohibiting DMV from penalizing petitioner or its insureds for those errors.* Finding the proceeding to be untimely due to petitioner's failure to commence it within four months of June 12, 2000, Supreme Court dismissed the petition. Petitioner now appeals, contending that its petition was timely because it was not aggrieved by, and had no objection to, the IIES until it began generating spurious revocations in March 2001.

A CPLR article 78 proceeding "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]; *see e.g. Matter of Saferstein v Lawyers' Fund for Client Protection*, 298 AD2d 726, 726-727 [2002]). A determination becomes final and binding " 'when it has impact upon a party and it is clear that the party is aggrieved thereby' " (*Matter of New York State Rehabilitation Assn. v State of N.Y. Off. of Mental Retardation & Dev. Disabilities*, 237 AD2d 718, 720 [1997], quoting *New York City Off Track Betting Corp. v State of New York Racing & Wagering Bd.*, 196 AD2d 15, 18 [1994], *lv denied* 84 NY2d 804

---

* The record is unclear whether respondents actually imposed fines upon petitioner or its insureds as a result of the filing errors, but petitioner alleges that such penalties have been threatened and should be enjoined because of respondents' failure to correct the errors.

[1994]; *see New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 165 [1991]; *Matter of New York Tel. v Nassau County*, 267 AD2d 629, 632-633 [1999], *lv denied* 95 NY2d 756 [2000]). Thus, the reviewing court must make "a pragmatic evaluation * * * of whether the decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury * * * [that] may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998] [internal quotation marks and citations omitted]; *see Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519 [1986], *cert denied* 479 US 985 [1986]).

The gravamen of the petition here is that DMV allegedly failed to properly test the IIES prior to implementation, and then issued unwarranted revocation orders and was uncooperative in correcting data errors after implementation. The decision to implement the IIES became final when respondents initiated the IIES in June 2000 and issued implementing regulations, effective July 19, 2000 (*see* 15 NYCRR part 34). Thus, to the extent that the petition challenges the implementation of the IIES as premature or ill-advised, this proceeding is barred by the applicable four-month statute of limitations (*see* CPLR 217 [1]; *see also Matter of New York State Rehabilitation Assn. v State of N.Y. Off. of Mental Retardation & Dev. Disabilities, supra* at 719-720).

To the extent that the petition and its attached exhibits— including 15 revocation orders dated in March 2001 and a listing of notices of cancellation that allegedly were not timely processed in June 2001—suggest that petitioner suffered some injury as a result of respondents' operation of the IIES at a later time, we note that these documents were cited only as examples of the impact of the allegedly premature implementation of the IIES. While petitioner contends that these exhibits also reflect subsequent actions and decisions of respondents which caused actual injury, it is likely that petitioner's complaints regarding these alleged errors have been or could be resolved through further administrative action. Inasmuch as an agency determination cannot be considered final "[i]f further agency proceedings might render the disputed issue moot or academic" (*Matter of Essex County v Zagata, supra* at 454; *see Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation*, 260 AD2d 920, 922 [1999], *lv denied* 93 NY2d 815 [1999]), we find that petitioner failed to establish finality as to any actions or determinations of respondents occurring

within four months of the commencement of this proceeding. Accordingly, Supreme Court did not err in dismissing the petition in its entirety.

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.