Mugglin, J.
Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered October 4, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents’ motion to dismiss the petition.
Petitioner, by agreement with the operator of the City Hall Café (hereinafter City Café), the licensee of a food concession in Albany City Hall, placed advertising flyers for his school in the City Café. In October 2001, the licensee was informed by the *739 Office of the Corporation Counsel of respondent City of Albany that placement of such advertising was unlawful. The advertising material was immediately removed by the licensee who informed petitioner of this occurrence. On November 5, 2001, in a telephone conference, respondent Deputy Corporation Counsel specifically advised petitioner that placement of such advertising was unlawful. Following an exchange of correspondence between petitioner and respondent Corporation Counsel, petitioner instituted this CPLR article 78 proceeding on April 8, 2002 challenging the determination. Supreme Court granted respondents’ preanswer motion and dismissed the petition as barred by the applicable statute of limitations and, alternatively, because petitioner failed to state a cause of action. Petitioner appeals.
A CPLR article 78 proceeding must be commenced within four months after the determination sought to be reviewed becomes final and binding (see Matter of American Tr. Ins. Co. v New York State Dept. of Motor Vehs., 305 AD2d 840, 841 [2003]). Such an administrative determination becomes final and binding when it definitively impacts and aggrieves the party seeking judicial review (see New York City Off Track Betting Corp. v State of NY. Racing & Wagering Bd., 196 AD2d 15, 18 [1994], lv denied 84 NY2d 804 [1994]). The burden of establishing binding finality rests with the municipality (see Matter of Turner v Bethlehem Cent. School Dist., 265 AD2d 640, 641 [1999]). Here, the notification to petitioner of the removal of his advertising material in October 2001 clearly establishes that he was aggrieved as of November 5, 2001 when the City’s position was conveyed to him. Such oral notification is sufficient to commence the running of the statute of limitations where, as here, petitioner is adversely impacted and aggrieved (see Bargstedt v Cornell Univ., 304 AD2d 1035, 1036-1037 [2003]; see also Matter of Vadell v City of N.Y. Health & Hosps. Corp., 233.AD2d 224, 225 [1996]). Petitioner’s subsequent correspondence, sent in an attempt to obtain a reversal of this determination, does not extend or toll the statute (see Matter of Filut v New York State Educ. Dept., 91 AD2d 722, 723 [1982], lv denied 58 NY2d 609 [1983]; Matter of Harford Taxpayers for Honest Govt. v Town Bd. of Town of Harford, 252 AD2d 784, 786 [1998]). Consequently, this proceeding is time-barred.
Mercure, J.P, Peters and Spain, JJ., concur; Lahtinen, J., not taking part. Ordered that the judgment is affirmed, without costs.