■ In the Matter of MARISABEL NOVILLO, Appellant, v BOARD OF EDUCATION OF MADISON CENTRAL SCHOOL DISTRICT et al., Respondents. [793 NYS2d 606]—

Peters, J. Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered April 23, 2004 in Madison County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

Petitioner, a Venezuelan citizen, was a tenured foreign language teacher in respondent Madison Central School District. On April 10, 2003, the District charged her, pursuant to Education Law §§ 3012 and 3020-a, with immoral conduct, neglect of duty, conduct unbecoming a teacher, and "other just causes for disciplinary action." The charges were later amended to include insubordination and neglect of duty, grounded upon petitioner's failure to reverify her visa status. After four days of hearings, during which numerous witnesses testified, the District withdrew specification 4.6, which would have authorized, as a separate ground for termination, petitioner's lack of an appropriate visa or other legal documentation to enable her to work for the District. The Hearing Officer found petitioner guilty of conduct unbecoming a teacher and neglect of duty, but not guilty of immoral conduct. As to the charge concerning her visa status, the Hearing Officer determined that while the District did establish insubordination, the majority of the remaining specifications were dismissed. Although the District requested termination, the Hearing Officer imposed a one-month unpaid disciplinary suspension. Neither party appealed.

Petitioner's attorney was thereafter informed that the District would be recommending to respondent Board of Education of Madison Central School District, at its October 9, 2003 meeting, that petitioner's services be terminated because of "her status as a non-citizen without the requisite visa." Petitioner attended that meeting and was present when the Board voted to terminate her services. By an October 16, 2003 letter, petitioner was formally advised of that termination. On January 15, 2004, she served a notice of claim on the District and, on February 17, 2004, commenced this CPLR article 78 proceeding alleging noncompliance with Education Law § 3020-a. Respondents sought dismissal on timeliness grounds and Supreme Court agreed. Petitioner appeals.

Education Law § 3020 (1) recognizes that a tenured teacher has a constitutionally protected interest in his or her right to continued employment which cannot be deprived without due process. Education Law § 3020-a, and the regulations promulgated thereunder, "attempt to harmonize the method of removing tenured teachers with the dictates of procedural due pro-

cess" (*Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown*, 46 NY2d 450, 454 [1979], *cert denied* 444 US 845 [1979]). In accordance with Education Law § 3020-a, petitioner, as a tenured teacher, was entitled to, among other things, timely written notice specifying the charges against her and an opportunity to challenge those charges at a hearing (*see* Education Law § 3020-a [2]; *see also Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown, supra* at 454; *Matter of Soucy v Board of Educ. of N. Colonie Cent. School Dist. No. 5*, 41 AD2d 984, 985 [1973], *appeal dismissed* 33 NY2d 653 [1973]). Petitioner sought to challenge her termination on that basis. To do so, she was required to timely commence this proceeding (*see Matter of Bargstedt v Cornell Univ.*, 304 AD2d 1035, 1036-1037 [2003]; *Matter of Turner v Bethlehem Cent. School Dist.*, 265 AD2d 640, 641 [1999]). Such special proceeding "must be commenced within four months after the determination to be reviewed becomes final and binding" (CPLR 217 [1]; *see e.g. Matter of Scott v City of Albany*, 1 AD3d 738, 739 [2003]; *Matter of American Tr. Ins. Co. v New York State Dept. of Motor Vehs.*, 305 AD2d 840, 841 [2003]). That is, when "it definitively impacts and aggrieves the party seeking judicial review" (*Matter of Scott v City of Albany, supra* at 739; *see New York City Off Track Betting Corp. v State of N.Y. Racing & Wagering Bd.*, 196 AD2d 15, 18 [1994], *lv denied* 84 NY2d 804 [1994]).

Although petitioner contends that the finality of the Board's termination accrued upon her receipt of the written confirmation, her affidavit and testimony belie that claim. Not only did she argue against her termination at the Board meeting, she also witnessed the actual vote. Since "oral notification is sufficient to commence the running of the statute of limitations" (*Matter of Scott v City of Albany, supra* at 739) when the determination "is unambiguous and its effect certain" (*Matter of Edmead v McGuire*, 67 NY2d 714, 716 [1986]; *see Cahill v New York State Div. of State Police*, 304 AD2d 971, 972 [2003]), we agree that the District properly established that the statutory period commenced when the final vote of termination was taken in petitioner's presence (*see Matter of Feldman v New York State Teachers' Retirement Sys.*, 14 AD3d 769, 770 [2005]; *Matter of Scott v City of Albany, supra* at 739; *Matter of Bargstedt v Cornell Univ., supra* at 1036-1037; *Matter of Turner v Bethlehem*

*Cent. School Dist., supra* at 641). For this reason, the proceeding was properly dismissed on timeliness grounds.*

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* In reaching this determination, we note that the 30-day extension of the statutory period noted in *Matter of Brown v Schuyler-Chemung-Tioga Bd. of Coop. Educ. Servs.* (5 AD3d 939 [2004]) is inapplicable. As petitioner's claim accrued on October 9, 2004, her service of a notice of claim on January 15, 2004 was untimely (*see* Education Law § 3813 [1]). Since the timely service of a notice of claim is a condition precedent to prosecuting an action against a school district (*see Board of Educ. of Union-Endicott Cent. School Dist. v New York State Pub. Empl. Relations Bd.*, 250 AD2d 82, 85 [1998]; *Chanecka v Board of Educ. Broome-Tioga BOCES*, 243 AD2d 1011, 1012 [1997]) and there appears to have been no prior court approval for late service (*see generally Simons v Sherburne-Earlville Cent. School Dist.*, 233 AD2d 592, 593 [1996]), the proceeding could have been dismissed on this basis as well.