10-4117-cv
Dykstra v. Wyeth Pharmaceuticals, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4ᵗʰ day of January, two thousand twelve.

PRESENT:

> JOSEPH M. MCLAUGHLIN,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

JOSEPH W. DYKSTRA,

> *Plaintiff-Appellant*,

> v.                                                                 10-4117-cv

WYETH PHARMACEUTICALS, INC.,

> *Defendant-Appellee.*

_____

FOR APPELLANT:     BARRY D. HABERMAN, New City, N.Y.

FOR APPELLEE:     JAMES H. MCQUADE (Michael Delikat, *on the brief*), Orrick, Herrington & Sutcliffe, LLP, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Joseph Dykstra ("Dykstra") appeals from a judgment entered September 16, 2010, granting the motion for summary judgment of defendant-appellee Wyeth Pharmaceuticals ("Wyeth"). The District Court granted Wyeth's motion solely on the basis that the applicable statute of limitations had expired before Dykstra filed his complaint. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

Dykstra was employed by Wyeth as an aseptic setup worker, with responsibilities including setting up and maintaining equipment used to fill biological syringes. As a union employee, his employment was governed by the terms of a Collective Bargaining Agreement ("CBA") between Wyeth and the International Chemical Workers Union, Local 143c. Pursuant to the CBA, "[a]n employee whose action appears to necessitate his/her discharge shall first be suspended subject to discharge and so be informed. If no request for grievance procedure is made within seven (7) days, the action taken by the Company shall become final."

On or about March 29, 2007, Wyeth learned that Dykstra had signed the initials of other employees on documents that Wyeth maintained as part of its obligation, as a manufacturer regulated by the Food and Drug Administration ("FDA"), to document its compliance with FDA

requirements for good manufacturing practices. Section IV of the Wyeth Manufacturing Employee Manual provides that "[i]ntentional falsification of a cGMP document [that is, a document that confirms compliance with FDA good manufacturing practices] by any employee will result in immediate suspension pending discharge!" On April 17, 2007, Dykstra's supervisor issued him a notice of suspension pending discharge for falsifying cGMP documents. He was immediately escorted from the facility and relieved of his facility entrance card and employee badge. Dykstra's pay was halted the same day.

Within the seven days allotted by the CBA, Dykstra, through his union, filed a grievance. A hearing was held on May 22, 2007 before the Associate Director of Labor Relations. By letter of June 11, 2007, the Associate Director advised Dykstra that he had been found responsible for falsifying cGMP documents and therefore his employment was terminated effective June 11, 2007.

On June 6, 2008, Dykstra filed a complaint in the Supreme Court of the State of New York, Rockland County, alleging that he was terminated in retaliation for reporting safety violations to a supervisor.[1] This termination, he claimed, violated the New York "whistle-blower statute," N.Y. Labor Law § 740, which prohibits an employer from taking "any retaliatory personnel action against an employee" because the employee discloses to a supervisor or public body an activity, policy or practice of the employer that violates a "law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety, or which constitutes health care fraud." N.Y. Lab. Law § 740(2)(a). Dykstra alleged that he was discharged in retaliation for reporting to a supervisor in March 2007 that he had observed two maintenance workers in a "clean

---

[1] The case was subsequently removed to the Southern District of New York on the basis of diversity jurisdiction under 28 U.S.C. § 1441.

3

room" failing to comply with sterilization procedures and lacking proper certification, in violation of Wyeth policies.[2]

Section 740 permits an employee who believes he has been retaliated against in violation of the statute to "institute a civil action . . . within one year after the alleged retaliatory personnel action was taken." *Id.* The dispositive question before the District Court, therefore, was whether Dykstra's cause of action accrued on April 17, 2007, when he was notified of his suspension pending discharge, or June 11, 2007, the effective date of his termination. The District Court concluded that his cause of action accrued on April 17, 2007, and that his complaint, filed June 6, 2008, was thus barred by the one-year statute of limitations. It accordingly granted Wyeth's motion for summary judgment.

"We review *de novo* the district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party." *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). Having conducted a *de novo* review of the record and considered the parties' submissions, we agree with the District Court that Dykstra's claim is barred by the statute of limitations. *See Dykstra v. Wyeth Pharmaceuticals, Inc.*, No. 08-CV-07432 (S.D.N.Y. Sept. 16, 2010).

---

[2] Wyeth has argued that, because the violation that Dykstra allegedly reported was of company policies, and not a "law, rule or regulation," he cannot state a claim under § 740. Because we agree with the District Court that the statute of limitations bars Dykstra's action, we need not reach that issue.

In arriving at its conclusion that Dykstra's cause of action accrued on April 17, 2007, when he was notified of his "suspension pending discharge," the District Court relied on case law interpreting statutes of limitation governing comparable federal employment discrimination laws. Though Dykstra, too, relied on these federal cases below, he now argues that we should look exclusively to New York state law.

On appeal, Dykstra has cited one New York case, *Dobson v. Loos*, 716 N.Y.S.2d 220 (4th Dep't 2000), which, he contends, provides an interpretation of § 740's statute of limitations that supports his position. The Appellate Division held in *Dobson* that where a Sheriff's Department took "active and extraordinary measures to preclude [the plaintiff's] appointment as Lieutenant during the life of [a] preferred eligibility list until its expiration"—including repeatedly promoting others ahead of the plaintiff—this constituted a continuing violation such that the plaintiff could bring a cause of action within one year of the expiration of the eligibility list. *Id.* at 221.

The ongoing and repeated failure to promote the plaintiff in *Dobson* is entirely different from Dykstra's termination. As noted above, the CBA governing Dykstra's employment with Wyeth effectively prohibits Wyeth from terminating an employee without first suspending him pending a grievance proceeding: "An employee whose action appears to necessitate his/her discharge *shall first* be suspended subject to discharge and so be informed." Furthermore, if the employee does not request a grievance proceeding within seven days of this notification, "the action taken by the Company *shall* become final." (Emphases added.) In other words, no separate personnel action is required to terminate the employee once notice of suspension pending discharge is provided. The actual termination, therefore, flows as an inevitable consequence from the notice of suspension, and only the potential intervening act of the grievance hearing officer can separate the two. Under these

5

circumstances, Dykstra's notice of suspension and his ultimate discharge are properly viewed as one personnel action, which occurred on April 17, 2007.

Indeed, the New York Court of Appeals expressly adopted this reasoning in *Queensborough Community College v. State Human Rights Appeal Board*, 41 N.Y.2d 926 (1977). The court in that case considered an employment discrimination statute which, similarly to N.Y. Labor Law § 740(4)(a), provided that "[a]ny complaint filed pursuant to this section must be so filed within one year after the alleged unlawful discriminatory practice." *Id.* at 926 (quoting N.Y. Exec. Law § 297(5)). The *Queensborough* court held that the statute of limitations for the employment-discrimination claim began running as soon as the plaintiff was informed that she would not be reappointed—not, as that plaintiff had argued, on the date that her term of employment actually ended—because "[t]he act of giving complainant notice that she would not be reappointed gave rise immediately to a cause of action." *Id.* (internal quotation marks omitted). "Nor is the limitation tolled by the invocation of grievance procedure which is merely an alternative remedy," the New York Court of Appeals added.[3] *Id.* Accordingly, under New York law, the statute of limitations for Dykstra's claim began

---

[3] Under New York law, it is possible that § 740's statute of limitations would be tolled for the duration of Dykstra's grievance proceedings if the CBA contractually required Dykstra to exhaust the grievance procedures before bringing an action in court, such that the grievance procedures were not an independent "alternative remedy" from that provided by § 740. *See Queensborough*, 41 N.Y.2d at 926; *Bargstedt v. Cornell Univ.*, 757 N.Y.S.2d 646, 648 (3d Dep't 2003) ("While [the statute of limitations] will be tolled when the grievance procedure is mandatory, it will typically not be tolled where a voluntary grievance procedure is employed." (citations omitted)); *Roufaiel v. Ithaca Coll.*, 660 N.Y.S.2d 595, 598 (3d Dep't 1997) ("Our examination of the record discloses that the College's grievance procedure was not mandatory; instead it merely provided plaintiff with an alternative forum in which to seek to vindicate her rights. In light of this, her invocation of the grievance procedure did not toll the running of the Statute of Limitations." (citations omitted)). Dykstra, however, has made no argument with respect to tolling in this appeal; accordingly, the issue is waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *cf. Higgins v. N.Y. Stock Exch., Inc.*, 942 F.2d 829, 832 (2d Cir. 1991) (noting that a

6

running on April 17, 2007, when he was notified of the adverse employment action. Dykstra commenced this lawsuit more than one year later; the District Court was therefore correct to grant the motion for summary judgment on statute-of-limitations grounds.

We reject all of Dykstra's arguments on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

plaintiff's "equitable tolling point did not suffice to alert the district court to the time-of-accrual claim").