State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:    October 27, 2016                    522398
_____

In the Matter of EVELIN A.
    JIMENEZ et al.,
                        Appellants,

            v                            MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF
    TAXATION AND FINANCE et al.,
                        Respondents.
_____

Calendar Date:    September 13, 2016

Before:    McCarthy, J.P., Garry, Devine, Clark and Mulvey, JJ.

_____

        Hodgson Russ, LLP, Albany (William J. Comiskey of counsel),
for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Robert M.
Goldfarb of counsel), for respondents.

_____

Devine, J.

        Appeal from a judgment of the Supreme Court (McNamara, J.),
entered March 16, 2015 in Albany County, which, in a combined
proceeding pursuant to CPLR article 78 and action for declaratory
judgment, granted respondents' motion to dismiss the
petition/complaint.

        Petitioners were employed as tax preparers between 2009 and
2011.  Respondent Department of Taxation and Finance (hereinafter
DTF) examined personal income tax returns prepared by petitioners
and assessed penalties for faulty preparation work against each
that ran into the hundreds of thousands of dollars (see Tax Law
§ 685 [aa] [1]).  Petitioners did not challenge the penalties,

and they became past due.

The year 2013 also saw the Legislature direct respondents Commissioner of Taxation and Finance and Commissioner of Motor Vehicles to collaborate on "a program to improve tax collection through the suspension of drivers' licenses of taxpayers with past-due tax liabilities equal to or in excess of" $10,000 (Tax Law § 171-v [1], as added by L 2013, ch 59, part P, § 1; see Vehicle and Traffic Law § 510 [4-f], as added by L 2013, ch 59, part P, § 2). The Commissioners did so and, by letters dated October 25, 2013, DTF placed each petitioner on notice that his or her driver's license was in jeopardy due to his or her unpaid tax liability. Petitioners were also advised that, if they failed to respond within 60 days, DTF would provide the necessary information to respondent Department of Motor Vehicles (hereinafter DMV) so that the license suspensions could occur. After an abortive attempt by counsel for petitioners to argue that the penalties were not "past-due tax liabilities" encompassed by Tax Law § 171-v, DTF referred the matters to DMV. DTF, for reasons that are not clear, requested that DMV cancel license suspension orders issued in March 2014. DTF thereafter directed DMV to proceed and, on May 22, 2014, DMV issued a second set of license suspension orders that took effect on June 5, 2014.

Petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment action on September 19, 2014. The petition/complaint sought, as is relevant here, a declaration that DTF did not have recourse to the procedures of Tax Law § 171-v for unpaid tax preparer penalties and the annulment of the ensuing license suspension orders. Respondents, in lieu of serving an answer, moved to dismiss the petition/complaint on a variety of grounds. Supreme Court agreed that petitioners' challenges against DTF and its Commissioner were time-barred and that those against DMV and its Commissioner failed to state a cause of action and, as such, granted respondents' motion. Petitioners now appeal.

Respondents point out that judicial review of the complained-of actions has been constrained by Tax Law § 171-v (5) and Vehicle and Traffic Law § 510 (4-f) (3), but those statutes

in no way foreclose limited review to ensure "that [an] administrative official has not acted in excess of the grant of authority given him [or her] by statute or in disregard of the standard prescribed by the [L]egislature" (Matter of Guardian Life Ins. Co. of Am. v Bohlinger, 308 NY 174, 183 [1954]; see New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn., 78 NY2d 318, 322-323 [1991]; Matter of De Guzman v State of N.Y. Civ. Serv. Commn., 129 AD3d 1189, 1190 [2015], lv denied 26 NY3d 913 [2015]). Petitioners advance such arguments but, upon our review of the record, we agree with Supreme Court that their claims must nevertheless be dismissed.

The parties are in agreement that petitioners' challenges to the determinations of DTF are subject to the four-month statute of limitations set forth by CPLR 217 (1), which "begins to run when 'the determination to be reviewed becomes final and binding upon the petitioner'" (Matter of School Adm'rs Assn. of N.Y. State v New York State Dept. of Civ. Serv., 124 AD3d 1174, 1176 [2015], lv denied 26 NY3d 904 [2015], quoting CPLR 217 [1]; see Matter of Banos v Rhea, 25 NY3d 266, 276 [2015]). A determination is final and binding when two requirements are satisfied: "[f]irst, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]; see Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007]).

DTF is directed to "provide notice to the taxpayer of his or her inclusion in the license suspension program no later than [60] days prior to the date [it] intends to inform the [C]ommissioner of [M]otor [V]ehicles" of that inclusion (Tax Law § 171-v [3]). "[I]f the taxpayer has not challenged the notice pursuant to subdivision five of this section and the taxpayer has failed to satisfy the past-due tax liabilities or make" satisfactory payment arrangements within the 60 days that follow, DTF is commanded to give the necessary information to DMV so "that the taxpayer's driver's license shall be suspended" (Tax Law § 171-v [4]). Upon receipt of that information, the

Commissioner of Motor Vehicles or a designee has no discretion and "shall suspend the license of such person to operate a motor vehicle" without further ado (Vehicle and Traffic Law § 510 [4-f] [2]; see Vehicle and Traffic Law § 510 [4-f] [3]).

DTF gave the requisite notice to petitioners in its October 25, 2013 correspondence, advising them that DTF was proposing the suspension of their drivers' licenses and that the suspensions would occur unless petitioners took sufficient steps to avoid that outcome within 60 days. Petitioners acknowledge that they attempted to resolve the matters during the 60-day period but were unsuccessful. The October 25, 2013 letters were accordingly "unambiguous" as to their potential effect and, when their "effect [became] certain" after petitioners failed to reach an accord with DTF in the ensuing 60 days, they became final and binding determinations for purposes of CPLR 217 (1) (Matter of Edmead v McGuire, 67 NY2d 714, 716 [1986]; cf. Matter of Carnevale v City of Albany, 68 AD3d 1290, 1291 [2009]). The subsequent dithering of DTF in making the necessary communications to DMV did not toll or extend the limitations period in the absence of any suggestion that it stemmed from "a de novo or fresh and complete examination of the matter based on newly presented evidence" (Matter of Boston Culinary Group, Inc. v New York State Olympic Regional Dev. Auth., 18 AD3d 1103, 1105 [2005] [internal quotation marks and citation omitted], lv denied 5 NY3d 712 [2005]), nor did the fact that DMV did not take the ministerial step of issuing the license suspension orders until later (see Matter of Edmead v McGuire, 67 NY2d at 716; Matter of Novillo v Board of Educ. of Madison Cent. School Dist., 17 AD3d 907, 909 [2005], lv denied 5 NY3d 714 [2005]). This proceeding was commenced nine months after the statutory period began to run and, as such, Supreme Court correctly dismissed the request for declaratory relief as time-barred (see Matter of EZ Props., LLC v City of Plattsburgh, 128 AD3d 1212, 1213-1214 [2015]; Matter of Boston Culinary Group, Inc. v New York State Olympic Regional Dev. Auth., 18 AD3d at 1104-1105).

Petitioners also challenged the ensuing license revocation orders issued by DMV as erroneous but, as noted above, the Commissioner of Motor Vehicles or a designee "shall suspend the [driver's] license" of a person once notified by DTF that he or

she has not satisfied or arranged to pay off past-due tax liabilities (Vehicle and Traffic Law § 510 [4-f] [2] [emphasis added]; see Tax Law § 171-v [2], [4]).  There is nothing improper in an administrative official performing a ministerial task imposed upon him or her by the Legislature and, thus, petitioners' challenge to the suspension orders fails on its face and was properly dismissed.

Petitioners' remaining contentions, to the extent that they are not academic in light of the foregoing, have been examined and rejected.

McCarthy, J.P., Garry, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court