Matter of Singleton v New York State Off. of Children & Family Servs. (2018 NY Slip Op 03411)





Matter of Singleton v New York State Off. of Children & Family Servs.


2018 NY Slip Op 03411


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

525564

[*1]In the Matter of CHARLES SINGLETON, Appellant,
v
NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents.

Calendar Date: March 29, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Rumsey, JJ.


Daren J. Rylewicz, Civil Service Employees Association, Albany (Scott Lieberman of counsel), for appellant.
Barbara D. Underwood, Acting Attorney General, Albany (Jeffrey W. Lang of counsel), for respondents.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Zwack, J.), entered March 15, 2017 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioner was employed by respondent Office of Children and Family Services (hereinafter OCFS) and is a member of the Civil Service Employment Association (hereinafter CSEA). In August 2015, petitioner submitted an accident report alleging that he had sustained injuries from an assault-related injury at work. By letter dated August 25, 2015, OCFS notified petitioner
that he had been placed on workers' compensation leave and that his injuries had been classified as a "non-assault injury." The letter further advised petitioner that he had the "right to a leave of absence from [his] position during [his] disability for a period of one cumulative year or sooner if found to be permanently disabled" and that if he did not return to work prior to the expiration of his workers' compensation leave his employment could be terminated as a matter of law.
In July 2016, OCFS informed petitioner that, in accordance with Civil Service Law § 71, his employment would be terminated upon expiration of his one-year workers' compensation leave on September 7, 2016. On September 1, 2016, petitioner requested a pretermination [*2]hearing on his claim that he was entitled to an additional year of leave based on his belief that his injury was caused by a work-related assault. By letter dated September 19, 2017, OCFS informed petitioner that his employment was terminated. Thereafter, CSEA requested that petitioner be provided with a posttermination hearing.
In November 2016, petitioner commenced this CPLR article 78 proceeding seeking, among other things, reinstatement to his position at OCFS or, alternatively, a posttermination hearing. In January 2017, respondents moved to dismiss the petition on the basis that the proceeding was time-barred. Supreme Court granted the motion and dismissed the proceeding, finding that the applicable four-month statute of limitations began to accrue when petitioner received the letter dated August 25, 2015 from OCFS that advised him that his injury had been classified as non-assault related. Petitioner appeals.
The parties agree that petitioner's challenge to the classification of his injury "is subject to the four-month statute of limitations set forth by CPLR 217 (1), which begins to run when the determination to be reviewed becomes final and binding upon the petitioner. A determination is final and binding when two requirements are satisfied: first, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (Matter of Jimenez v New York State Dept. of Taxation & Fin., 143 AD3d 1221, 1223 [2016] [internal quotation marks, brackets and citations omitted], lv denied 28 NY3d 914 [2017]; see Matter of Edmead v McGuire, 67 NY2d 714, 716 [1986]). Supreme Court properly found that the determination that petitioner's injury was not assault-related became binding upon him when he received the letter dated August 25, 2015, because it established the duration of leave to which he was entitled. Moreover, there was no possibility that subsequent agency action would prevent or ameliorate the harm claimed by petitioner inasmuch as the statutory and regulatory scheme at issue did not provide petitioner with any procedure for challenging that determination.
Civil Service Law § 71 provides that an employee who is absent from work due to an inability to perform the duties of his or her position by reason of an occupational injury or disease, as defined by the Workers' Compensation Law, is entitled to a leave of absence, unless such disability permanently prevents him or her from performing the duties of his or her position. The length of the leave of absence is a cumulative period of at least one year, unless the disability results from a job-related assault, in which case the leave of absence is at least two years (see Civil Service Law § 71). As relevant here, an employee may return to work prior to the expiration of the leave of absence (see 4 NYCRR 21.8 [h]). If the employee does not return to work prior to the expiration of the leave of absence, his or her employment shall be terminated as a matter of law (see 4 NYCRR 5.9 [c]).
When a leave of absence is granted for a job-related disability, the employer is required to provide the employee with written notice of the essential terms of the leave, including the date it commences, its duration, the right to apply for return to work during the leave, the right to a hearing "to contest a finding of unfitness for restoration of duty," the termination of employment as a matter of law if the employee does not return to work prior to the expiration of the leave and the right to apply for reinstatement within one year of termination (4 NYCRR 5.9 [b]; see 4 NYCRR 21.8 [a] [2]). Notably, the August 25, 2015 letter satisfied the requirements of 4 NYCRR 5.9 (b). It plainly advised petitioner that his injury had been classified as a "non-assault injury." The letter further advised petitioner that, although employees who are injured by a work-related assault are entitled to a two-year leave of absence, his employer had determined that he was entitled to only a one-year leave of absence and that his employment could be terminated if [*3]he did not return to work within the specified one-year period. Thus, the letter unambiguously advised petitioner that his employment would be terminated if he did not return to work prior to the expiration of the one-year leave of absence that had been granted to him.
Moreover, there was no possibility that subsequent agency action would ameliorate the claimed harm because the statutory and regulatory scheme at issue did not provide petitioner with any procedure for challenging the determination that his injury was not caused by a job-related assault. Where, as here, the applicable procedures do not provide an opportunity to administratively challenge the decision, the effect of a notice becomes certain on the date that an aggrieved party is notified of the decision, even if the effect is delayed (see Matter of Edmead v McGuire, 67 NY2d at 714). By contrast, where the applicable procedures provide an aggrieved party with the opportunity to challenge a determination following receipt of notice, the effect of the notice does not become certain until expiration of the challenge period (see Matter of Jimenez v New York State Dept. of Taxation & Fin., 143 AD3d at 1223). Here, no provision is made for administrative reconsideration of a determination regarding whether a job-related injury was caused by an assault or for a hearing on that issue. Once the leave of absence commences, the only administrative relief available to a disabled employee is the ability to request a medical examination to determine his or her fitness to return to work and a hearing to challenge any decision that he or she is unable to return to work, at which the issues are limited to "the medical condition of the employee, the duties of the position, and the ability of the employee to perform those duties" (4 NYCRR 5.9 [d] [4]; accord 4 NYCRR 5.9 [e] [3]). Where, as here, more than 30 days advance written notice of termination is provided, no pretermination hearing needs to be held (see 4 NYCRR 5.9 [c] [2]; Hurwitz v Perales, 81 NY2d 182, 186-187 [1993], cert denied 510 US 992 [1993]) and, as noted, the only issues that may be considered in a posttermination hearing are those related to an employee's ability to perform the duties of his or her job. For these reasons, we conclude that OCFS's determination that petitioner's injury was not caused by a job-related assault was final and binding when he received the August 25, 2015 letter. Therefore, this proceeding was untimely because it was not commenced until more than one year later.
As alternative relief, petitioner sought judgment ordering OCFS to conduct a posttermination hearing, specifically for the purpose of challenging the determination that his leave had expired. The length and expiration of petitioner's leave of absence depended solely upon whether his injury was properly classified as an assault injury. Inasmuch as the request for a judgment ordering a posttermination hearing was made for the specific purpose of challenging the classification of his injury, it is also untimely. Moreover, as previously noted, classification of petitioner's injury would not be a proper subject for a hearing following termination pursuant to Civil Service Law § 71.
Garry, P.J., Egan Jr., Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.