Matter of Krakauer v New York State Educ. Dept. (2019 NY Slip Op 05610)





Matter of Krakauer v New York State Educ. Dept.


2019 NY Slip Op 05610


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

527364

[*1]In the Matter of YITZCHOK KRAKAUER, Appellant,
v
NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents.

Calendar Date: June 4, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Stewart Lee Karlin Law Group, PC, New York City (Daniel Dugan of counsel), for appellant.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondents.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the Supreme Court (DeBow, J.), entered January 31, 2018 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
In 2014, petitioner applied to respondent Education Department (hereinafter respondent) for an initial school building leader certificate, which was denied on the basis that petitioner had not paid a necessary fee before an applicable deadline. Respondent issued a notice of uncompleted requirements for certification on July 23, 2014 and advised petitioner that he would be required to meet newly-enacted examination requirements. In June 2016, petitioner inquired regarding the status of his application, and respondent referred him to the July 2014 notice. After additional inquiry and correspondence, petitioner requested "an official appeal," and respondent sent petitioner two documents dated December 9, 2016 entitled "Notice of Uncompleted Requirements for Certification" explaining that petitioner's application had been disapproved and referring to previous email explanations that there was "no legal means by which [respondent could] overlook" the initial missed deadline. Respondent indicated that, if petitioner wished to further pursue the certification, he would need to reapply and meet all additional requirements. The notices were also made available to petitioner on respondent's online system. Respondent subsequently mailed the exact same notice to petitioner, with the sole difference being the date; the second notice mailed was dated January 3, 2017.
Petitioner commenced this CPLR article 78 proceeding seeking to compel respondent to issue the certificate notwithstanding his failure to meet the 2014 payment deadline, contending that the deadline was not posted by respondent at the time. Respondents moved to dismiss the petition as untimely because the proceeding was commenced on April 28, 2017, more than four months after respondent's issuance of the December 9, 2016 determination. Petitioner argued [*2]that the statute of limitations began to run when he received the January 3, 2017 notice. Supreme Court granted the motion to dismiss the petition, and petitioner appeals.
Although the parties agree that the four-month statute of limitations set forth in CPLR 217 (1) applies to this proceeding, they disagree as to when the determination became final and binding and the statute of limitations period began to run. The Court of Appeals has defined "final and binding" in terms of completeness and exhaustion of administrative remedies; "'[f]irst, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be . . . significantly ameliorated by further administrative action or by steps available to the complaining party'" (Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007], quoting Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]; see Matter of Jimenez v New York State Dept. of Taxation & Fin., 143 AD3d 1221, 1223-1224 [2016], lv denied 28 NY3d 914 [2017]).
Here, for reasons still unknown and unexplained within the record or briefs, respondent issued the second identical notice. The definitive position stated in the January 2017 notice is no different from that expressed in the initial December 2016 notice, and petitioner does not argue that he was attempting to pursue further administrative remedies or took any additional action after the December 2016 notice was issued [FN1]. Accordingly, given that this proceeding was commenced more than four months after the issuance of the December 2016 notice, Supreme Court properly dismissed the petition as untimely (see Matter of Jimenez v New York State Dept. of Taxation & Fin., 143 AD3d at 1224; Matter of Novillo v Board of Educ. of Madison Cent. School Dist., 17 AD3d 907, 909-910 [2005], lv denied 5 NY3d 714 [2005]).
Egan Jr., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Although there is a potential for prejudice in a case where a petitioner receives a subsequent, additional notice and then provides that postdated determination to his or her attorney, we note that no such prejudice has been alleged, nor was any justification for petitioner's failure to commence a proceeding based upon the December 2016 notice provided.